JAMES TILLINGHAST *et al. vs.* BROWN UNIVERSITY *et al.*

PROVIDENCE—MAY 14, 1902.

PRESENT: Tillinghast, Rogers, and Douglas, JJ.

(1) *Probate Appeals.   New Trial.*

Under the provisions of Gen. Laws cap. 248, §§ 1–3, an appeal will lie from the decree of a Probate Court directing the executors of a will to file an inventory and account of an estate.

Such appeal presents a proper subject of claim for jury trial, and may be lawfully taken to the Common Pleas Division.

(2) *Probate Appeals.*

The nature of the order, and not where it comes in the sequence of probate proceedings, determines the question whether an appeal will lie, under the statute, from the decree of a Probate Court.

That a person may be "aggrieved" within the contemplation of the statute, the order must not be one simply facilitating the decision of the question before the court, but must operate upon his rights of property or bear directly upon his interest; it must be a substantial grievance, a denial of some personal or property right or the imposition upon him of a burden or obligation.

PROBATE APPEAL. The facts are stated in the opinion. Heard on petition of appellant for new trial, and petition granted.

DOUGLAS, J. The appellants, executors of the will of John Wilson Smith, late of Providence, deceased, upon the petition of the appellees, residuary legatees under said will, were directed to file an inventory and account of his estate by decree of the Municipal Court of Providence, entered September 13, 1901. Within the time limited by law they claimed an appeal from said decree and a jury trial thereon, and filed their reasons of appeal in the Common Pleas Division, where the case was sent under the statute.

(1)    The appellees in said Common Pleas Division moved to dismiss the appeal on the allegations :

1st.    That the reasons of appeal present no question triable by a jury.

2nd.    That the order appealed from is not one from which an appeal lies.

The motion was granted, and the appellants duly excepted and pray for a new trial.

The question before this Division is whether or not the Common Pleas Division erred in dismissing the appeal; and the answer to this question depends upon two others, to wit :

First.    Was this appeal a proper subject of claim for jury trial and lawfully taken to the Common Pleas Division ?

Secondly.   Was the order or decree of the Probate Court in the case one from which an appeal lies?

Gen. Laws cap. 248, provide: .

"SEC. 1.   Any person aggrieved by any order or decree of any court of probate   .   .   .   may, unless provision be made to the contrary, appeal therefrom to the supreme court forty days next after such order or decree shall have been made."

"SEC. 2.   Either party may within forty-five days next after such order or decree, claim a jury trial by notice in writing filed with the clerk of such probate court," in which case it is provided further the clerk shall transmit a copy of the record to the Common Pleas Division of the Supreme Court, etc.

Section 3 provides that if neither party claim a jury trial, as aforesaid, the clerk shall transmit a copy of the record to the Appellate Division of the Supreme Court.

By this statute, in all cases where an appeal lies and has been claimed, the right is given to either party to file a claim for jury trial; and in that case the appeal is sent to the Common Pleas Division.

It is to be noted that the appeal is *taken to the Supreme Court*, not in terms to either Division.   Within five days after the appeal is taken it is determined which Division it shall be sent to.   In the Probate Court there are no pleadings making an issue of law or of fact.   There can be no selection of cases for one Division or the other by reference to the papers in the case.   The issues are settled for the first time by the filing of the reasons of appeal, and this occurs after the destination of the appeal has been determined.

At the time when the selection of the appellate forum must be made, there can be no limitation of the choice based upon the character of the case, which is not then developed.   Indeed, at that time neither party can be certain that the facts he intends to rely upon may not be contested by his opponent, and that issues may not arise which he would wish to have decided by a jury.   This is particularly true of the appellee, who cannot know what reasons of appeal may be assigned by

the appellant.  The language of the statute is general, and we think it should be construed as of universal application.

There will arise no serious inconvenience in a jury trial if it appears that the real questions involved are questions of law, and that the judge's discretion must decide the case. The possibility of such cases arising is not, in our opinion, sufficient reason for restricting the obvious latitude of choice given by the statute.

In considering the second question, it is evident that no objection can be taken to the appellants as not "aggrieved" by the order, if any one could be aggrieved by it. They are in the strictest sense parties to the proceeding and the only persons affected adversely by it. If the appeal lies, they are entitled to take it. *Gannon* v. *Doyle*, 16 R. I. 727. Neither can it be urged, in opposition to the right of appeal, that the order in its nature is interlocutory and not final.

Decisions of the District Courts and of the Common Pleas Division of this court, which are not decisive of the case, can not be taken to the Appellate Division at once, but must await the final disposition of the case in the court where they are given, exceptions being duly taken and reserved. *Mellen* v. *Battey*, 22 R. I. 395. But this is not true of orders in probate proceedings. Many interlocutory questions have always been considered fit subjects of appeal in matters of probate.

Some of them are so recognized by the General Laws, as : The probate of a will, chapter 211, section 1, chapter 212, section 52 ; the granting of letters testamentary or of administration or of guardianship, chapter 210, section 16 ; for the distribution or delivery of property or payment of money, chapter 212, section 39 ; confirming the report of commissioners, chapter 215, sections 6, 18, and 19, chapter 220, section 22 ; dividing real estate and assigning dower, chapter 216, section 24 ; settling guardian's account, chapter 197, section 38. The probate of a will is but the beginning of proceedings to settle an estate. The approval of an executor or the appointment of an administrator or of a guardian is not the end of the case before the court, neither are the orders to which chapter 212, section 39 relates, nor the con-

firmation of the report of commissioners. The division of real estate and the approval of a guardian's account may be the end of a case.

The General Laws, on the other hand, expressly provide that certain orders of the Probate Court shall be without appeal. Some of these are orders approving the commitment of an habitual drunkard to a hospital, chapter 196, section 9 ; authorizing guardians to sell personal property, chapter 196, section 24 ; or to compromise claims, section 30 ; approving compromises by executors or administrators, chapter 208, section 18 ; or advising an executor, administrator, or guardian, where such advice is required by law to be sought, chapter 210, section 22.

These orders are in their nature interlocutory ; yet it seemed necessary to the legislature to specially exempt them from the general provisions providing for appeals.

In *Pierce* v. *Allen*, 12 R. I. 510, the court held that an appeal lies from the order of a Probate Court appointing commissioners on an insolvent estate, clearly an interlocutory order.

In the light of these provisions of the statutes, it is plain that the nature of the order, and not where it comes in the sequence of probate proceedings, must determine. the question. For it is also evident that not all acts of a Probate Court are intended by the general terms used in the statute. For instance, it would be absurd to hold that the issue of summonses to witnesses or citations to parties or the appointment of *guardians ad litem* or general orders for issue of process, incident to but not affecting the decisions of the questions before the court, could be made the subjects of appeals with the resulting delay which would practically postpone indefinitely the remedies sought.

(2)    No person can be said to be "aggrieved" by an order which, without affecting his rights of property or impairing his interest, simply facilitates the decision of the questions before the court.

The rule generally adopted in construing statutes on this subject is that a party is aggrieved by the judgment or de-

cree when it operates on his rights of property or bears directly upon his interest. 2 Cyc. L. & P. 633. The word "aggrieved" refers to a substantial grievance, a denial of some personal or property right or the imposition upon a party of a burden or obligation. *McFarland* v. *Pierce*, 151 Ind. 546, 548.

The definition given in *Smith* v. *Bradstreet*, 16 Pick. 264, and adopted in *Bryant* v. *Allen*, 6 N. H. 116, and approved in *Wiggin* v. *Swett*, 6 Metc. 197, viz.:—"A party aggrieved is one whose pecuniary interest is directly affected by the decree; one whose right of property may be established or divested by the decree," is enlarged by the court in *Lawless* v. *Reagan*, 128 Mass. 592, where it is said : "In order to give a right of appeal from the judgment of the court, it must appear that the party appealing has some pecuniary interest or some *personal right* which is immediately or remotely affected or concluded by the decree appealed from."

In all the cases cited in the opinion of the court below, the question was considered whether the appellant was the proper person to appeal ; in none of them was it disputed that the decrees in question were appealable. The language of these decisions must be taken with reference to the subject under consideration.

The New York code grants the right of appeal from decrees of a surrogate which "affect a substantial right," and in *Fiester* v. *Shepard*, 26 Hun. 183, an order to render an account was held to be appealable. The appeal was entertained finally by the Court of Appeals in 92 N. Y. 251, and the decree was set aside as entered without jurisdiction.

So in *Gilbert* v. *Thayer*, 10 N. E. 148, the Court of Appeals again held that the order of the surrogate directing the defendant to account for proceeds of land "affected a substantial right," and so was appealable. In both these New York cases the right to require an account was contested, as in the case at bar.

In *Green, Admr.,* v. *Tunstall*, 6 Miss. 638, under a statute similar to our own, it was held that while the language could not be construed to grant appeals from every possible order

which may be necessary in the ordinary course and practice of the court during the progress of a case which are addressed to its mere discretion, it did grant appeals from orders, though interlocutory, which involve the merits of the controversy or which may affect the merits.

The appeal, which was from the denial of an order to account, was entertained.

In *Foote* v. *Nickerson*, 54 L. R. A. (N. H.) 554, an appeal by an executor from a decree of a Probate Court requiring him to file an inventory and give bonds was entertained and heard upon the merits.

The practice of this court has been to allow appeals from orders similar to the one here in question.

*Chamberlain* v. *Anthony*, P. A. No. 71, Prov. Co. (not reported) was an appeal from an order of the Probate Court of Central Falls requiring the executors of a will to file a bond and inventory. They claimed that the will exempted them from giving bond. This court took jurisdiction and modified the order of the Probate Court.

*Burch* v. *Champlin, Admr.*, P. A. No. 68, Prov. Co. (not reported) was an appeal from a decree of the Municipal Court of Providence requiring an administrator to render an account. This court heard the appeal on its merits and confirmed the decree of the Probate Court.

The order in the case at bar, it may be, does not, in the strictest sense, operate on the property rights of the appellants ; but it does impose upon them, in the words of the Supreme Court of Indiana, a "burden or obligation" which may and probably will impose pecuniary loss or expense. It is a denial of their alleged right to be exempted from this burden, and this right is a substantial one beyond controversy.

It would be narrowing unwarrantably the remedy given in the broadest language by the statute to deny the appellants a right of appeal from this decree.

The case must be remanded to the Common Pleas Division,

with directions to reverse the order of dismissal and to take further proceedings as prescribed by law.

*Edwards & Angell and William R. Tillinghast*, for appellants.

*John C. Pegram and Arnold Green*, for appellees.