JOSEPH W. SMITH, *Appt.*, *vs.* ALBERT A. WHALEY *et als.*, Ex'rs.

PROVIDENCE—JUNE 2, 1905.

PRESENT: Douglas, C. J., Dubois and Johnson, JJ.

(1)    *Probate Law and Practice. Amendment of Record of Probate Court. Appeals.*

A decree of a Probate Court ordering the records of an estate to be amended so as to include an order of notice of the appointment of an executor, as provided by Gen. Laws cap. 212, sec. 33, theretofore made but not entered upon the records, is not an order from which a creditor of the estate has a right of appeal.

PROBATE APPEAL on facts fully stated in opinion. Heard, and appeal dismissed.

DUBOIS, J.    Joseph W. Smith, a creditor of the estate of Josiah A. Whaley, late of Coventry, Rhode Island, deceased, claims to be aggrieved by, and has appealed from, an order, judgment, or decree of the Probate Court of said Coventry, entered January 16, 1905, by which its records of the proceedings on March 21, 1898, in the matter of the estate and probate of the will of said Josiah A. Whaley, were amended by inserting the following words: "and it was ordered and directed that said executors give notice of their appointment by advertisement on three successive days in the Providence Daily Journal." The appellant duly filed his reasons of appeal, based upon the following grounds:

"1.    Said order, judgment, or decree was contrary to law.

"2.    Said order, judgment, or decree was contrary to the evidence.

"3.    Said order, judgment, or decree was based solely upon oral testimony, and not upon any record, memorandum, or writing of any kind."

Whereupon the appellees, Albert A. Whaley, Frank E. Whaley, and Albert W. Crandall, executors of the will of Josiah A. Whaley, deceased, filed a motion to dismiss said appeal.

(1)    This presents the following question for adjudication: Is a creditor of the estate aggrieved by an order of the Probate Court by which the record of its proceedings was amended so as to include an order of notice of the appointment of the executors of said estate?

It is provided by Gen. Laws, cap. 212, § 32: "Every executor and administrator shall, after his qualification, give notice thereof by publishing the same in such newspaper in the State as often, and for such period of time, as the probate court may direct.    Such executor or administrator shall file an affidavit in the court appointing him, setting out a copy of said notice, dates of its publication, and generally his compliance with the order of such court."

By a compliance with the terms of this section, executors and administrators secure the benefits conferred upon them by Gen. Laws, cap. 218, §§ 8 and 9, which prescribe the minimum and maximum limitations of six months and two years, respectively, from the date of the first publication of such notice within which suits may be brought against them. These statutes were designed to promote the speedy settlement of estates in cases where the prescribed notice has been given. *Bosworth* v. *Smith*, 9 R. I. 67; *Knowles* v. *Whaley*, 15 R. I. at p. 99. Who is interested in the order of notice? Clearly the executor or administrator representing the estate, for whose benefit these special statutes of limitations were passed. Who, if any one, could appeal from such an order of notice? Only the executor or administrator upon whom it operated. Without doubt an unreasonable or oppressive order could be made the subject of appeal. Who is interested in the correction of such a record? The person upon whom the order operates. The executor or administrator has a direct interest in the record; not only in its existence, but also in its truth. If, for instance, after an executor has been directed to publish such notice in a certain newspaper for a time specified, the record should erroneously contain an order directing him to advertise his notice in another newspaper, and for a different time, it would be proper for him to apply to the Probate Court for correction of the record, so that the same might conform to the facts, and upon refusal, an appeal would lie in his favor or in favor of any person representing the estate, and therefore interested in obtaining for it the benefit of the special statutes of limitations hereinbefore referred to. Creditors of the estate are not parties to such a proceeding, and have no interest in the result. It is true that by the issuance of such an order of notice to an executor or administrator, and after strict compliance by him with its terms and conditions, the time within which they may bring suit upon their claims is diminished and begins to run at stated periods from the date of the first publication of the notice given in compliance with such an order; but they are never notified to be present at the making of such an order, as they would have to be if they were parties to such a pro-

ceeding, and, even if present, have no voice in fixing the details of the same, which are determined by the Probate Court in the exercise of its judicial discretion; and however unsatisfactory to the creditors the result may be, they have no right of appeal. Ordinarily no appeal would lie from such an order. The right of appeal from orders of Probate Courts is derived from Gen. Laws, cap. 248, § 1, as follows: "Sec. 1. Any person aggrieved by an order or decree of any court of probate . . . may, unless provision be made to the contrary, appeal therefrom to the supreme court, within forty days next after such order or decree shall have been made," etc. Whether the order in this case appealed from is one from which an appeal lies depends upon the nature of the order itself, for, as was stated by Douglas, J., in *Tillinghast* v. *Brown University*, 24 R. I., at p. 183: "It would be absurd to hold that the issue of summonses to witnesses or citations to parties or the appointment of *guardians ad litem* or general orders for issue of process, incident to but not affecting the decisions of the questions before the court, could be made the subjects of appeals with the resulting delay which would practically postpone indefinitely the remedies sought." Is the appellant aggrieved by the order appealed from? "No person can be said to be 'aggrieved' by an order which, without affecting his rights of property or impairing his interest, simply facilitates the decision of the questions before the court. The rule generally adopted in construing statutes on this subject is that a party is aggrieved by the judgment or decree when it operates on his rights of property or bears directly upon his interest. 2 Cyc. L. & P. 633. The word 'aggrieved' refers to a substantial grievance, a denial of some personal or property right, or the imposition upon a party of a burden or obligation. *McFarland* v. *Pierce*, 151 Ind. 546, 548." Idem., pp. 183, 184.

If the order itself was appealable, which we deny, upon the ground that it was in the nature of a general order for issue of process, then the appeal should have been taken "within forty days next after such order or decree shall have been made," and according to the amended record it was made March 21st, 1898, whereas this appeal was not taken until February 21st,

1905.   If any injury was done to the interest of the appellant or his rights of property by the decree, it must have been done when the original order was made under which the appellees published their first notice of appointment and qualification, from which time the statutes of limitation began to run.   If the appellees did not publish such a notice the appellant would hardly complain.   Therefore we may safely assume that the appellees did publish such notice in the Providence Daily Journal on three successive days, that being the language of the amended record of the Probate Court.   The damage was not done to the appellant by recording the fact that an order of notice had been made; it was done, if at all, by the fact itself.   The recording of the order did not change the status of the parties; but it made public the fact that the advertisement of the appellees was not merely a voluntary notice of their appointment and qualification, but was given by virtue of and under the direction of the Probate Court.   If a Probate Court had made an order directing an executor or administrator to give notice of his appointment and qualification by publishing the same in a certain newspaper in the State for certain stated and definite periods of time, and such executor or administrator had strictly complied with the order of the court, and had filed his affidavit in the court appointing him, setting out a copy of such notice with the dates of its publication and generally a compliance with the order of such court, it would seem as though the statute had been complied with.   But if through some inadvertence upon the part of the clerk of the Probate Court, or in any other manner, nothing appeared upon the records of such court to show the fact that such an order had been made, would the court have power to amend its record to conform to the truth?   Probate Courts are courts of record. It is well-settled law that " every court exercising a continuing jurisdiction—having an office for the preservation of its records, and the charge of those records by a proper officer— has, by law, an implied authority to amend its records to make them  conform to  the  facts and  truth of  the case. . . . And this may be done at any time as well after as during the term." *Frink* v. *Frink,* 43 N. H. 508.

"The board of county commissioners has the same power as any court to amend its records according to the truth, upon such evidence, documentary or oral, or recollections of any of its present members who took part in the original decision, as the board in its discretion may deem sufficient," per Gray, C. J., in *Gloucester* v. *County Commissioners of Essex*, 116 Mass., at p. 581. Numerous other cases cited in the brief of the appellees amply sustain this position, while the authorities cited by the appellant are largely devoted to the consideration of rights of appeal from amendment of final judgments.

An order of notice bears no resemblance to a judgment which is "the conclusion of law upon facts found, or admitted by the parties, or upon their default in the course of a suit." Bouvier's Law. Dic. vol. 2, p. 25. Judgment.

Our conclusion, therefore, is that the order of the Probate Court amending its record is not one from which the appellant has a right of appeal, and that he is not aggrieved thereby.

The motion is allowed; the appeal will be dismissed, and a decree may be entered accordingly.

*Irving Champlin and Albert A. Baker*, for appellant.

*Edwards & Angell*, for appellees.