## STANDARD OIL CO. OF NEW YORK *vs.* BOARD OF PURIFICATION OF WATERS.

### JANUARY 14, 1921.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)   Waters.   Rules and Regulations.   Appeal.*

Pub. Laws, 1920, cap. 1914, "an act to prohibit and regulate the pollution of the waters of the State," provides that any person aggrieved by an order of the Board of Purification of Waters may appeal to the Supreme Court for a reversal thereof on the ground that the same is unlawful or unreasonable.

*Held,* that this language must be construed as referring to some order directed to the party claiming the appeal and not to an order establishing rules and regulations to prevent the discharge or escape of certain products into the public waters, intended to visualize various situations where a party might be held accountable under the act and which rules do not in themselves invade any property right of the petitioner or impose any burden or obligation upon it but are admonitory in character.

*(2)   Appeal.*

The right of appeal is statutory and is given to those who are aggrieved by the finding of an inferior tribunal which has previously dealt with the cause or matter in controversy.

*(3)   Appeal.   Orders.   Waters.*

A party cannot be aggrieved by the establishment of general rules and regulations in the absence of any attempt to enforce them, especially when the statute contemplates that any proceeding instituted thereunder must be directed to a definite person who by previous investigation has been found guilty.

*(4)   Waters.   Appeal.   Quasi Legislative Powers.*

The powers given to the Board of Purification of Waters under Pub. Laws, cap. 1914, to make rules and regulations come within the classification of *quasi* legislative powers and the provisions of the act giving any person the right of appeal do not apply to such rules.

SWEETLAND, C. J. and RATHBUN, J. dissenting in part.

APPEAL under Pub. Laws, cap. 1914.   Heard on motion to dismiss appeal and granted.

VINCENT, J.   At the January Session of the General Assembly, 1920, an act was passed entitled, "An Act to Prohibit and Regulate the Pollution of the Waters of the State," the same being Chapter 1914 of the Public Laws.

By this act the appointment of a "Board of Purification of Waters," consisting of three members, was authorized and its duties and powers prescribed. Such board having been appointed and qualified to act made an order establishing certain rules and regulations to prevent the discharge or escape of any petroleum, gasoline, kerosene, tar, oil, or any product or mixture thereof into the public waters as it was empowered to do under section 8 of said act.

The petitioner does not claim that there was any irregularity in the proceedings of the board leading up to its action establishing rules and regulations. The claim of the petitioner is that it is aggrieved by said order of the Board of Purification of Waters and is entitled to an appeal to this court. The petitioner's appeal is now before us and sets forth some twenty grounds upon which it contends that the aforesaid order is unlawful and unreasonable.

Without setting forth in detail the several rules and regulations promulgated by the board and the numerous reasons of appeal of the petitioner, we think that a particular reference to one of the rules and the reasons of appeal relating thereto will sufficiently illustrate and make clear the petitioner's attitude and our conclusions.

The second rule and regulation is as follows: "2. No person shall discharge or cause, suffer or procure to be discharged or cause or suffer to escape into any of the public waters of the state any petroleum, gasoline, kerosene, tar, oil, or any product or mixture thereof."

In its reason of appeal the petitioner sets forth that such rule and regulation is unlawful because the escape of such products is prohibited irrespective of whether or not such escape causes pollution of the waters; that on the same ground it is unreasonable, and that it is also unlawful and unreasonable on the further ground that the escape of the above mentioned products is prohibited irrespective of the circumstances, reason or cause for the same.

The petitioner in its argument upon its appeal informs us that it has not polluted any of the public waters and does

not propose or intend to do so, but that it is aggrieved by the order of the board under which the rules and regulations were adopted and published and consequently is entitled to bring the matter to this court on appeal and have such order reversed.

The petitioner does not claim that it has been made the subject of any proceeding under this act. It is evident that the petitioner apprehends that it might in the future, for some act or omission, be complained of under some provision of Chapter 1914 and that such provision as applied to the circumstances of a case which might arise would be unlawful or unreasonable. Under these conditions is the petitioner aggrieved by the publication of rules and regulations which apply generally to all the people of the State and entitled to maintain its appeal?

(1) The act says in Section 12 that, "any person aggrieved by any order of the board may appeal to the supreme court for a reversal thereof on the ground that the same is unlawful or unreasonable."

We think that this language must be construed as referring to some order directed to the party claiming the appeal and not to an order, like the one here appealed from, which is manifestly intended to visualize various situations where a party might be held accountable under the act.

The right of appeal is statutory and is given to those who are aggrieved by the finding of an inferior tribunal which has previously dealt with the cause or matter in controversy. In considering who should properly come within the definition of the word "aggrieved" this court said in *Tillinghast* (2) v. *Brown University*, 24 R. I. 179, "that a party is aggrieved by the judgment or decree where it operates on his rights of property or bears directly upon his interest. . . The word 'aggrieved' refers to a substantial grievance, a denial of some personal or property right or the imposition upon a party of a burden or obligation."

This language of the court has been reiterated and approved in *Smith* v. *Whaley*, 27 R. I. 185, 188 and *McKenna* v. *McKenna*, 29 R. I. 224, 227.

We do not think that any property right of the petitioner has been invaded or any burden or obligation imposed upon it by the general rules and regulations which the board has ordered published. These rules and regulations seem to us to be admonitory in character and to relate to ways and methods which the petitioner declares it has never fallen into or adopted and which it does not propose to employ in the future.

It does not seem to us that a party can be said to be aggrieved by the establishment of general rules and regulations in the absence of any attempt to enforce them. Section 10 of the act distinctly sets forth that, "No person shall be convicted or found liable in any criminal prosecution at common law or in any other proceeding brought by or in behalf of the state, the board or the public, to enjoin, suppress, prohibit or punish the pollution of the waters of the state unless he shall have violated an order of the board issued under the authority conferred upon it by Section 5 or 8."

Section 5 provides that if the board, after investigation, shall find that any person is polluting the waters of the state, it shall make its findings in writing to that effect and may enter an order directing such person to adopt or use or to operate properly, as the case may be, some practicable and reasonably available system or means to prevent such pollution and it also further provides that the board shall forthwith cause an attested copy of each order entered by it to be served upon the person or persons affected thereby.

Section 8 empowers the board to inspect and make orders regulating and directing all methods, means and devices employed on any steamer or other vessel receiving, carrying or discharging any petroleum or its products and that any violation of any such order shall be punished as provided in Section 7 of the act.

Section 7 after prescribing the penalty which may be incurred by any person guilty of polluting the waters of the state further provides that, "In case the board finds that

any person has been guilty of pollution in violation of any order of the board, the board shall enter an order stating such finding and specifying the order deemed by it to have been violated," and that "no prosecution shall be instituted under this act or under the common law without such order having first been entered. No such order shall be entered . . . until the board shall have given the person accused of such violation at least thirty days' notice in writing to show cause why such order should not be entered and have granted him a hearing."

It is quite apparent from these provisions of the act that any proceeding instituted thereunder must be directed to a definite person who by previous investigation shall have been found guilty. Sections 5 and 7 of the act both contemplate a preliminary investigation and finding to be followed by the entry of an order based thereon and such order can in no way be confused with, neutralized or modified by a prior order prescribing general rules and regulations.

It is further contended that the board being authorized to make rules and regulations its action in that regard would be *quasi* legislative.

The case of *Nelson* v. *State Board of Health*, 186 Mass. 330, is substantially like the case at bar. In that case the petitioner appealed from an order of the board establishing rules and regulations, "for the purpose of preventing the pollution and securing the sanitary protection of the waters" and the court held that the provision of the act giving any person aggrieved the right of appeal does not apply to rules, regulations and orders which are made by the board and which are *quasi* legislative in character.

(4) We think that the powers given to the board under Chapter 1914 of the Public Laws to make rules and regulations come within the classification of *quasi* legislative powers and for that reason also the appeal of the petitioner must be dismissed.

The respondent's motion to dismiss the appeal is granted.

SWEETLAND, C. J.   I do not dissent from the result of the foregoing opinion of the court in so far as that result conforms with my view that the proper construction of said Chapter 1914 of the Public Laws is that no person in the position of the appellant shall be held accountable and punishable for the violation of any order of the Board of Purification until after he has had an opportunity by appeal to obtain a decision of this court upon the legality and reasonableness of such order.   I think, however, it should appear that the court is mindful of the effect of its decision. The motion of the Board of Purification which has been granted is that the appeal of the petitioner be dismissed on the ground that this court has no jurisdiction in the premises. The order appealed from was one establishing general rules and regulations to prevent the discharge or escape of petroleum and like substances into the public waters.   In support of the motion to dismiss it was urged that the order establishing said rules and regulations was not an appealable order but that the rules and regulations established thereby were advisory merely.   The court has adopted this view of the statute and has declared that the rules are "admonitory in character" and that the appellant could not be prosecuted for acts contrary to such rules, but that a special order must first be entered against it by the board after notice and hearing, from which special order an appeal may be taken to this court and the legality and the reasonableness of the order here determined.

From an examination of Section 8 of the act under the provisions of which the board entered its order establishing said rules it appears quite probable that the General Assembly intended to confer upon the board power to establish effective and enforceable general rules to prevent the discharge or escape of petroleum and like substances into the public waters.   It is true that the General Assembly may have nullified the intent manifested in this section by provisions appearing elsewhere in the act; but from an examination of Section 8 alone it is hardly probable that the elaborate

procedure therein provided for notice to interested persons, hearing of such persons, and service upon them of the order establishing the rules was deemed necessary by the General Assembly to permit the board to publish a set of merely advisory and admonitory rules, or that the General Assembly would have provided explicitly that a violation of the order establishing said rules should be punished as provided in the section prescribing penalties if said rules were not obligatory.

It is not unlikely that the board in entering its order establishing said rules believed that it was making general regulations which it might enforce in carrying out the purpose for which the board was created. That is indicated by the claim of the board made at the beginning of this proceeding, viz., that if the operation of said rules should be stayed pending the appeal all the functions of the board would thereby be suspended. That claim of the board with reference to the vital nature of said rules appears to be inconsistent with the position that they are merely advisory and admonitory.

From an examination of the act in question there appears a number of provisions from which the appellant might naturally believe that said rules were enforceable against it and that the order establishing them was appealable. Throughout the act it appears that the board acts only through the entry of "orders." Section 8 provides that the board may "by order" establish rules and regulations to prevent the discharge or escape of petroleum and like substances into the public waters. Desiring to enter an order establishing such rules the board must grant a hearing thereon to all persons interested, first give public notice of said hearing, and must give thirty days' special notice of the hearing by registered mail to each interested person who has, in compliance with the provisions of the section, registered with the board. This registration the appellant made. After hearing the board may by order establish rules and regulations and it must by registered mail serve

the order upon the interested persons who have registered with it. Service of the order in question was made upon this appellant. · Section 12 of said act, among other things, provides that "Any person aggrieved by any. order of the board may appeal to the supreme court for a reversal thereof on the ground that the same is unlawful or unreasonable. The person prosecuting such appeal shall within thirty days from the service of the order appealed from file a petition with the clerk of the Supreme Court setting forth the grounds upon which it is claimed that the order is unlawful or unreasonable." In the face of these explicit provisions the appellant not unreasonably assumed that if it desired to question its obligation to regulate its extensive business in conformity with such rules and if it wished to contest their reasonableness and· legality it must appeal in accordance with the provisions of Section 12. It could not safely assume that the explicit provisions of Sections 8 and 12 were limited and controlled by the rather obscure provisions of Section 7. The position of this appellant is that said rules are not binding upon it because they are unreasonable and illegal. It will probably be surprised to learn that through the decision upon the motion to dismiss its appeal it has obtained all that it sought by the appeal, viz., a decision that said rules are not obligatory upon it, though for the reason that they are merely admonitory, and that as to anything contained in said rules the appellant may with safety await the entry of a special order against it by the board, which order can only be entered after hearing and from which order it may appeal to this court and then contest the legality and reasonableness of such order.

If the order establishing the rules in question is not an appealable order then the question of whether or not the appellant is a person aggrieved is entirely without pertinency. If the rules had been held to be effective and enforceable when approved by us, for the violation of which the appellant might be punished, and if it had been held that the order establishing such rules was the subject of appeal

then the appellant was clearly a person-aggrieved. The appellant is possessed of a tract of land extending for about two miles along the shore of the Providence river, the same being navigable water. On this land it carries on a very extensive business, dealing in petroleum, gasoline, kerosene and like substances, receiving said substances in its ships at its wharves and storing them in large quantities on and near the bank or shore of said Providence river and on its wharves along said river. The position of the appellant is not that it is not violating the rules in question but that while it intends to observe all the laws of the State and all orders of said board, the reasonableness and legality of which have been approved by this court, nevertheless each day in the reasonable prosecution of its business it is violating the rules in question. The general ground of the objection of the appellant to said rules is that it is the plain purpose of the act to guard against the pollution of the public waters, whereas said rules create offences not arising out of the pollution of the public waters but from the mere existence of conditions upon the appellant's property which makes possible the escape of any petroleum into the public waters, however small the quantity and however inadequate to pollute the waters, and notwithstanding the reasonable care of the appellant in the conduct of its business as now carried on. One rule prohibits the escape of any petroleum into the public waters. The appellant claims that unless it radically changes its methods of business there is the possibility at all times, in spite of reasonable care on its part, that a small quantity may be washed into the water, far less in amount however than would result in polluting said water. Another rule prohibits the depositing of petroleum along the shore or on the appellant's wharves where "by ordinary or high tide or by storms or floods or otherwise" it is likely to be washed into the public waters. The appellant in the prosecution of its business does store petroleum along its water front in such position that if as the result of extraordinary flood or storm or other unusual happening

any of the storage receptacles should be injured the contents would be likely to be washed into said water.    The rules prohibit the pumping of bilge water from its ships or the washing of its ships whereby "any petroleum" or like substance shall be liable to escape into the public waters. The rules require the appellant to post and keep posted at its own expense copies of the rules in question at each of its wharves and at each entrance to each of its parcels of land which are of the description specified in the rules.    If the claim of the respondent is true that the observance of said rules interferes with the ordinary use of its property in the conduct of its business and places a burden on it involving pecuniary expense the appellant comes within the definition of a person aggrieved which has been adopted in this State.    The appellant is aggrieved by an order which "operates on its rights of property" and bears directly upon its interest and imposes upon it burdens and obligations. *Tillinghast* v. *Brown University*, 24 R. I. 179.    If, however, the order establishing the rules is not appealable, and the rules are not enforceable against the appellant, then the question of whether or not the appellant is a person aggrieved is entirely immaterial.

The fact that said rules may be regarded as *quasi* legislative is entirely beside the question before us.    The appellee's motion calls upon us to determine whether the order establishing the rules is appealable under the provisions of the act.    It is not an answer to say that the rules are *quasi* legislative.    It is within the power of the General Assembly to give an appeal to this court from such order whether the rules established are legislative or judicial.    If upon construction of the act we should find that an appeal from an order establishing rules was therein provided, such construction would not be affected by the determination that the rules were administrative, judicial or *quasi* legislative.    The right of appeal exists or does not because the statute gives it or fails to give it, and not because the rules may be denominated as of one kind or another.

No assistance in construing the act before us is derived from the opinion in *Nelson* v. *State Board of Health,* 186 Mass. 330. In that case the court held that the action of the State Board of Health in adopting certain rules and regulations was not the subject of appeal. The court decided and an examination of the act, under the authority of which said rules and regulations were adopted, discloses that no appeal from such action had been given by the terms of the act.

An examination of the Rhode Island act now under consideration clearly shows a legislative intent that a person in the appellant's situation shall not be held liable for the violation of any order of the board until after he has had an opportunity by appeal to obtain the determination of this court upon the reasonableness and legality of such order. As this is the result of the Court's opinion I do not dissent from that result.

RATHBUN, J., concurs in opinion of SWEETLAND, C. J.