**235 A.2d 105.**

Martin Malinou, *Public Administrator vs.* Leonard A. Kiernan, *Public Administrator.*

NOVEMBER 7, 1967.

Present: Roberts, C. J., Paolino, Powers and Joslin, JJ.

ROBERTS, C. J.  This is an appeal from a decree of the probate court of the city of Providence granting letters of administration de bonis non for the estate of Carrie Cumber to Leonard A. Kiernan, hereinafter referred to as the appellee.  The cause was heard in part in the superior court and thereafter was certified to this court on an agreed statement of facts pursuant to G. L. 1956, §9-24-25, as amended, on January 10, 1967.

It appears that on February 1, 1955, Bernard J. Gallagher was the incumbent public administrator of the city of Providence and in that capacity applied for and was granted letters of administration to administer the estate of Carrie Cumber, deceased.  On January 2, 1961, Martin Malinou, hereinafter referred to as the appellant, was elected to succeed Gallagher in the office of public administrator by the city council of the city of Providence.  On January 7, 1963, appellee was elected to succeed appellant.  On January 4, 1965, the city council elected Francis J. Maguire, hereinafter referred to as the intervenor, to succeed appellee in that office.

The agreed statement of facts discloses that on September 14, 1962, during the term of appellant as public administrator, Gallagher died without having completed the administration of the estate of Carrie Cumber.  Thereafter, on November 10, 1964, appellant applied for letters of administration to be appointed to administer the estate of Carrie Cumber, while on December 8, 1964, appellee made a similar application for letters of administration to administer that estate.  On December 29, 1964, the probate court granted the petition of appellee, and letters of administration for the estate of Carrie Cumber issued upon the filing of the required bond on December 31, 1964.

The appellant argues, first, that upon being elected and having qualified for the office of public administrator, he succeeded to the right to administer the estate of Carrie Cumber by operation of law on the death of Gallagher. This contention, as we understand it, posits the view that Gallagher continued as administrator of the Cumber estate after the termination of his incumbency in the office of public administrator. The appellant then argues, as we understand him, that upon Gallagher's death the incumbent public administrator so succeeds to the administration of the Cumber estate by operation of law.

He then digresses and argues that his election to the office of public administrator vested him with a contractual right to act as administrator of and to complete the administration of any estates left unfinished by the prior incumbent in the office. However, he has referred us to no case or to no authoritative text writer holding the view that a contractual right is created, and we reject the argument as being without merit.

The appellant is relying also upon the provisions of P. L. 1876, chap. 567, sec. 11, to establish his claim to succession to the office of administrator of the estate of Carrie Cumber. Section 11 of that act reads as follows:

> "Upon the death, resignation, or other disqualification of a public administrator leaving an estate or estates not fully administered, it shall be the duty of the municipal court, upon application of the city treasurer, to appoint some suitable person to have the charge and care of the personal estate not administered, to hold the same until a successor to such deceased, resigned or disqualified public administrator shall be duly appointed, to whom the municipal court shall grant letters of administration *de bonis non* upon his giving the required bond."

We cannot agree that this statute provides for an automatic succession to the administration of uncompleted estates upon the death of the prior public administrator.

From our examination of the statute, it was intended to provide that upon the death of a public administrator whose death left incomplete the administration of estates for which he had been issued letters of administration by the probate court, the city treasurer would be authorized to cause some suitable person to be appointed by the probate court as a caretaker of such estate until a successor to the deceased public administrator would be duly elected and qualified. The statute then requires the probate court to grant letters of administration de bonis non to such a successor administrator upon his giving bond as set by the probate court with respect to such estate.

We are unable to perceive anything in this statute that discloses a legislative intent to mandate the probate court to issue letters of administration sua sponte to a successor public administrator. Rather, in our opinion, it was the intent of the statute that the public administrator comply with the basic responsibilities of his office and bring to the attention of the probate court his acquisition of the status of public administrator and at the same time to apply to the court for letters of administration de bonis non and petition that a bond be set with respect to the assets of such estate.

The responsibilities of a public administrator to which we refer include that established in sec. 2 of the act, which provides: "Such administrator shall take out letters of administration and faithfully administer * * *." In our opinion, the requirement that he "* * * take out letters of administration * * *" requires him to comply with the pertinent procedures of the probate court and make such application for the issuance of letters of administration as those procedures require. In other words, we are of the opinion that this statute contemplates succession—to the administration of the unfinished estates of the prior incumbent of the office—only when the public administrator acts

affirmatively to obtain letters of administration and to conform to the directions of the probate court with respect to his bond. The appellant here did not so act until after his successor had been elected and purportedly qualified to the office.

However, appellant argues that at the time he made application for letters of administration for the Cumber estate, he was the incumbent public administrator. He contends, in support of this position, that appellee had failed to qualify as his successor and that, therefore, he held over in the office. He bases this contention on the conceded failure of appellee to pay a $10 fee prior to assuming office, which the ordinances of the city of Providence require be collected from certain officers, including the public administrator. He directs our attention, in the first place, to the charter of the city of Providence, P. L. 1940, chap. 832, sec. 40, which in pertinent part reads: "All officers of this city, however elected or appointed, shall hold their respective offices for the term or terms for which they are respectively elected or appointed and until their successors are duly chosen and qualified * * *."

The appellant further directs our attention to the requirement for the payment of a fee of $10 contained in The Revised Ordinances of the City of Providence (1946), chap. 2, sec. 159, which in pertinent part reads: "The following fees are hereby established and fixed to be paid biennially for licenses and commissions issued to the following officers elected by the city council, viz: * * * Public administrator, ten dollars." It is appellant's position that the payment of this fee by the person elected to the office of public administrator is a condition precedent to his qualification for that office. Again he refers to the ordinances of the city of Providence for support of this position and directs our attention to The Revised Ordinances of the City of Providence (1946), chap. 2, sec. 160, which reads: "The

city collector is hereby directed to charge and collect the foregoing fees of each officer named in the preceding list. Upon the presentation of the receipt of the city collector showing that such fees have been paid by said officers, the city clerk shall forthwith issue to such officer named in said receipt the license or commission to which he shall be entitled."

We cannot agree that the ordinance provision makes payment of the $10 fee a condition precedent to qualification for the office of public administrator. It may be an element of qualification, but, in our opinion, presentation of the receipt for such payment is not an essential element of qualification. In the first place, the clear language of the ordinance that the collector "* * * is hereby directed to charge and collect the foregoing fees * * *" imposes upon the collector the obligation to charge and collect the fee.

While the ordinance provides that the city clerk issue the commission "Upon the presentation of the receipt of the city collector * * *" for payment of the fee, we cannot agree that a failure on the part of the clerk to require production of the receipt voids an otherwise valid performance of a purely ministerial act directed by the ordinance. Its primary objective is to qualify public officers to discharge necessary municipal functions and not to collect nominal fees for whatever purpose they may be paid. Consistent with this view, we hold that the issuance of the commission to appellee without production of the receipt for payment of the fee, which payment was not demanded by the collector as directed in the ordinance, is not a sufficient failure of compliance with the ordinance to void the ministerial act so clearly directed therein.

In short, it is our opinion that when appellee received his commission from the city clerk on January 16, 1963, he had qualified for the office of public administrator. Because we take this view, we find no error inhered in the action of

the probate court in issuing to appellee letters of administration for the Cumber estate.

The question remains as to whether the intervenor has any right to administer the Cumber estate superior to that of appellee. The intervenor argues that he has such a superior right on the theory that appellee was never the incumbent of the office of public administrator, never having qualified pursuant to the terms of the ordinance. In our opinion, we have answered this contention in finding that appellee had qualified despite his noncompliance with the ordinance provision requiring payment of the $10 fee.

We are concerned, however, with the consequences of the fact that the intervenor is now the incumbent public administrator and appears to raise the question as to whether one who has been appointed administrator of a particular estate on the basis of his status as public administrator is ousted as administrator of that estate when his incumbency in the office of public administrator terminates.

There is, it is true, some division among the authorities as to whether one who attains the status of administrator of a particular estate by virtue of having been the incumbent public administrator continues as administrator of that estate after he is succeeded in the office of public administrator by a successor. We have noted already, however, that sec. 11 of the public administrator act provides that upon the "* * * death, resignation, or other disqualification of a public administrator leaving an estate or estates not fully administered * * *," the probate court shall issue letters of administration for the administration of such estates to the duly appointed successor administrator. The query is then, in our opinion, whether the phrase "other disqualification" includes within its purview expiration of the term of office of a public administrator so as to confer upon the successor public administrator the right to administer such estates. We think not.

To hold that the termination of the office of public administrator disqualifies one to whom the probate court has issued letters of administration from further administering that estate would be to attribute to the legislature an intent to subvert sound public policy declared in the act, which, in our opinion, is the preservation of the continuity of office in the person who has initiated the administration of such estate. In our opinion, the person to whom the letters of administration have issued by virtue of his status as public administrator becomes an officer of the probate court that issued the letters and is charged with the faithful administration of the estate. Absent his removal for cause by the probate court issuing the letters, the interests of the estate will best be served by continuing him in that capacity until discharged by the court after the allowance of his account.

We now hold, therefore, that even though an appointee to the administratorship of a particular estate ceases to be public administrator, he does not thereby resign or forfeit the administratorship of the particular estate, but remains the administrator thereof until he is discharged or his letters are revoked for cause. In our opinion, the intervenor, therefore, is not entitled to letters of administration on this estate so long as the appellee remains the administrator of that particular estate. We conclude, therefore, that the letters of administration for the Cumber estate properly issued to the appellee, who, as the administrator thereof, is entitled to administer that estate according to law, and that the appeal of the appellant be denied and dismissed.

The record and the papers in this case are hereby sent

back to the superior court with our decision certified thereon for entry of a final judgment in accordance therewith.

Motion for leave to reargue denied.

*Martin Malinou,* for plaintiff-appellant.

*Bernard W. Boyer,* for defendant-appellee.

*Francis A. Kelleher,* for intervenor.