251 A.2d 530.

Martin Malinou, *Public Administrator vs.* Leonard A. Kiernan, *Public Administrator.*

MARCH 26, 1969.

Present: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

Joslin, J. This appeal is sequel to *Malinou v. Kiernan,* 103 R. I. 85, 235 A.2d 105, where a proceeding pending in the superior court was certified to us on an agreed statement of facts. Following the filing of our decision in that case and after delays incident to the plaintiff's unsuccess-

ful attempt to obtain review by the United States Supreme Court,[1] we transmitted the records therein to the superior court for entry of a final judgment in accordance with our decision. An assistant clerk of that court then inscribed on our order of transmittal the following notation:

"1968 April 5 In accordance with Supreme Court decision [as] of November 7, 1967 Final Judgment is entered Book #3 #407"

Several motions by the plaintiff followed, one of which was designated "Motion to Enter Judgment." All were denied in a bench decision by a superior court justice and it is from that ruling that the plaintiff appeals.

At the threshold we found that the appeal which plaintiff is now prosecuting is from an oral decision, rather than from a written order of judgment. That procedural defect would ordinarily be fatal because appeals lie only from judgments and judgments must be set out in writing on separate documents. *East Providence Credit Union* v. *Brown*, 104 R. I. 92, 242 A.2d 428. The litigation in this case, however, has been unduly protracted, and in an attempt to hasten the day when it will finally terminate, we have circumvented the procedural deficiency by sua sponte remanding the papers to the superior court for the entry of a nunc pro tunc written judgment incorporating the oral bench decision. Now that such a judgment has been duly made and entered and the papers returned, we consider the case as properly here.

The single issue briefed and argued is whether the superior court clerk's notation of April 5 incorporating our decision by reference constitutes an entry of judgment. The plaintiff's position is that it falls short of the requirements of rule 58(a) of the superior court's rules of civil procedure. That rule is patterned upon and, for purposes of this case,

---

[1]Certiorari was denied March 11, 1968, 390 U. S. 981, 88 S. Ct. 1102, 19 L. Ed.2d 1278.

identified with federal rule 58. In pertinent part it provides that a "judgment shall be set forth on a separate document." Other than for that requirement, the rule does not prescribe what elements are essential to a judgment. Neither does it demand any particular words or a peculiar formal act. *United States* v. *F. & M. Schaefer Brewing Co.*, 356 U. S. 227, 233, 78 S. Ct. 674, 678, 2 L. Ed.2d 721, 726-727. Its only specific is that the judgment shall be in writing and on a separate document. In addition, however, there is the decisional law. It says that the writing now required by rule to be on a separate document, if it is to be considered a judgment, must clearly evince that it is the final act in the proceeding and an adjudication of the issues involved. *Id.* at 232, 78 S. Ct. at 678, 2 L. Ed.2d at 726; *United States* v. *Evans*, 365 F.2d 95, 97.

Both the rule and the decisional law were developed in proceedings where the issue had been resolved at the trial, rather than the appellate level and where the customary frame of reference related to whether the appeal taken was premature or untimely. What was of concern both in the conception of the rule and in its interpretation was to give definition and certainty to what kind of a judicial pronouncement by a trial court would support an appeal and to insure that no appeal could be taken from a ruling until a judgment had entered.

The setting of this case, however, is different from the considerations which influenced the development of the requirements. Here this case did not originally come to us as an appeal. Instead it came on certification[2] and the issues

---

[2]The certification here was pursuant to G. L. 1956, §9-24-25, as amended. It reads:

"Whenever any civil action, legal or equitable in character, is pending in a district court or in a superior court, and the parties shall file in the clerk's office an agreed statement of facts in such action, the court shall certify the action to the supreme court to be there heard and determined. After having decided the action the supreme court shall send back the

were initially resolved by us at the appellate rather than at the trial level.

Our question, then, is the relevance of a rule and the decisional law thus developed to judgments entered incidental to the certification procedure. Such a procedure is unknown to the federal system. Because it is unknown, neither the drafters of federal rule 58, nor the federal courts which applied it, were concerned with the mechanisms by which an appellate court's judgment in a certified case should be entered by a trial court. True, they prescribed requirements for the entry of judgment, but their prescriptions were designed in a different context and were not intended to provide guidance on how to enter judgment in a case like this.

Here, after we decided the case on an agreed statement of facts, we transmitted the papers to the superior court. While we directed that final judgment enter in accordance with our decision, nothing in the language we used in our remand suggested to the clerk of that court what he should do or that he take any particular form of action. He was undoubtedly aware that rule 58(c) of the rules of civil procedure of the superior court provided that he should "enter any judgment specifically directed by the Supreme Court." He could, of course, have attempted to formulate a judgment. If that had been his choice he would have run the risk of a possibly erroneous interpretation of our decision. Apparently he elected to avoid that risk and opted instead to let our decision speak for itself. He accomplished

---

papers therein, with its decision certified thereon, to the court from which the action was certified, which shall enter final judgment upon the decision."

Other statutory provisions authorizing certification of pending causes prior to judgment are §§9-24-27 and 9-24-28, both as amended. Note should also be taken of rule 72 of the superior court rules of civil procedure which provides the mechanism whereby a certification may be effected.

that purpose by an appropriate notation which incorporated our decision by reference. In addition he performed the further ministerial acts required by superior court rules 79(a) and 79(b) and entered a minute of what had been done in the civil docket and filed a copy of his notation in the Record Book of Judgments. What he did satisfied the spirit, if not the letter, of a rule which was neither intended nor designed to provide him with guidance on how to enter a judgment pronounced by this court in certification proceedings.

In these peculiar circumstances it seems to us that the April 5 notation, although perhaps technically deficient as a judgment because not on a separate document and because it incorporates another instrument by reference,[3] nonetheless leaves no doubt that it was intended to be the final act in the case. For purposes of this kind of a case, it constituted a final judgment.

The plaintiff's appeal is denied and dismissed, and the judgment appealed from is sustained.

*Martin Malinou,* for plaintiff-appellant.

*Bernard W. Boyer,* for defendant-appellee.

---

[3]We are aware that at least one circuit has not approved a form of judgment which recites only "Judgment is hereby entered herein in conformity with the findings of fact and conclusions of law filed herein on this date and it is so ordered." *Claybrook Drilling Co.* v. *Divanco, Inc.,* 336 F.2d 697, 699. See, however, *Athenian Realty Corp.* v. *Southwestern Bell Tele. Co.,* 338 F.2d 1001, *cert. denied,* 380 U. S. 953, 85 S.Ct. 1086, 13 L. Ed. 2d 970.