253 A.2d 587.
MARTIN MALINOU, *Public Administrator vs.*
FRANCIS J. MAGUIRE, *Public Administrator.*

MAY 16, 1969.

PRESENT: Roberts, C. J., Paolino, Powers and Joslin, JJ.

542

PAOLINO, J. This is an appeal from a decree of the probate court of the city of Providence granting letters of administration for the estate of Gertrude Miller to the defendant, Francis J. Maguire. The case is before this court on the plaintiff's appeal from a judgment entered in the superior court granting the defendant's motion for summary judgment and denying and dismissing the plaintiff's appeal from the decree entered by the probate court.

The pertinent facts are as follows. Gertrude Miller, a resident of Providence, died intestate in Providence on August 16, 1957, leaving no known heirs. On October 2, 1957, a funeral director filed a creditor's petition seeking the appointment of an administrator of the decedent's estate and on October 22, 1957 the probate court appointed Bernard J. Gallagher, who was then the public administrator of the city of Providence.

On January 2, 1961, the city council elected plaintiff to succeed Mr. Gallagher in the office of public administrator. On September 14, 1962, during plaintiff's term of office as public administrator, Mr. Gallagher died without having completed the administration of the Miller estate. The plaintiff's term of office expired on January 16, 1963, see *Malinou* v. *Kiernan*,[1] 103 R. I. 85, 90, 235 A.2d 105, 109, the date on which his successor, Leonard A. Kiernan, received his commission from the city clerk. On January 7, 1963, the city council had elected Mr. Kiernan to succeed

[1]We denied plaintiff's motion for reargument, see 235 A.2d 110. Certiorari proceedings to review our decision were denied by the United States Supreme Court on March 11, 1968, 390 U. S. 981, 88 S. Ct. 1102, 19 L.Ed.2d 1278. See also *Malinou* v. *Kiernan,* 105 R. I. 299, 251 A.2d 530.

plaintiff as public administrator, but he did not qualify for the office until January 16, 1963. Two years later, on January 4, 1965, the city council elected defendant herein to succeed Mr. Kiernan in the office of public administrator.

According to the papers certified to this court by the probate court no further proceedings were taken in the Miller estate until February 19, 1965, when plaintiff filed a petition in the probate court seeking to have himself, "as public administrator," appointed administrator de bonis non of the Miller estate. He alleged in the petition that he was "* * * entitled to administer the goods unadministered pursuant to R. I. Acts, 1876, Ch. 567, as amended by P. L. 1950, Ch. 2596, and as further amended by P. L. 1961, Ch. 195, Secs. 6, 7; personal estate unknown."

A few days later, on February 23, 1965, defendant, in his capacity as public administrator, also filed a petition in the probate court praying for the appointment of an administrator. He alleged that Mr. Gallagher had died without having fully administered the Miller estate and he prayed that, as public administrator, he be appointed administrator de bonis non of the Miller estate. On March 16, 1965, a decree was entered in the probate court appointing defendant. From this decree plaintiff filed a claim of appeal to the superior court.

On November 7, 1967, while the appeal in the case at bar was pending in the superior court, the decision and opinion of this court in the case of *Malinou* v. *Kiernan, supra,* was filed. Thereafter, pursuant to rule 56 of the rules of civil procedure of the superior court, defendant filed a motion for summary judgment together with an affidavit in which he set forth the factual issues giving rise to this controversy. He based his motion for summary judgment on the ground that the issues pending in the case at bar were resolved by our decision in *Malinou* v. *Kiernan, supra.*

The plaintiff filed two counter-affidavits, in which he al-

544

leged, insofar as pertinent here, that between January 2, 1961 and January 7, 1963, he had orally petitioned the probate court for administration d/b/n of the estate of Gertrude Miller. He also alleged that between the same dates, there was in effect an unwritten rule of the probate court which prevented the clerk of that court from accepting for filing plaintiff's timely petitions in writing for administration d/b/n of any of the estates, including the Miller estate, originally administered by Mr. Gallagher. He further alleged that from January 2, 1961, to September 14, 1962, the probate court knew that Mr. Gallagher was sick and unable to perform the duties of administrator of the Miller estate and that in 1961, in reply to plaintiff's oral petition to administer the unadministered goods of the Miller estate, the judge of the probate court told him he had no right to succeed Mr. Gallagher.

The motion for summary judgment was heard by a justice of the superior court. After the hearing he filed a written decision granting defendant's motion. After reviewing the facts alleged and specifically noting that the oral petition allegedly made by plaintiff was never heard or pursued in any manner, the trial justice held that plaintiff had no right to be appointed administrator d/b/n of the Miller estate; that the decree by which defendant was appointed administrator d/b/n was properly entered; that the affidavit filed in support of the motion for summary judgment proved that on the day the decree appealed from was entered, the defendant was public administrator and entitled to the appointment; and that nothing in the counter-affidavits affected this conclusion. Accordingly he ordered that a judgment be entered granting defendant's motion for summary judgment and denying and dismissing plaintiff's appeal. The judgment has been entered. We find no error.

The legal issues raised by plaintiff's allegations that during his term of office he made an oral petition to be ap-

pointed administrator d/b/n of the Miller estate, and that an unwritten rule of the probate court prevented the clerk of that court from accepting his written petition to succeed Mr. Gallagher in administering the Miller estate within the purview of P. L. 1876, chap. 567, the Public Administrator Act, are not pertinent here. As the trial justice noted, plaintiff never pursued the alleged oral petition. If the probate court was unlawfully denying petitions seasonably filed by plaintiff in connection with the Miller estate involving the office of public administrator, plaintiff should have filed a petition for a writ of mandamus as he did in the case of *Malinou* v. *McElroy*, 99 R. I. 277, 207 A.2d 44. Thus, we conclude that plaintiff gains nothing from these allegations.

The plaintiff next contends that he should have been appointed administrator d/b/n of the Miller estate on the basis of our decision in *Malinou* v. *Cairns*, 102 R. I. 462, 231 A.2d 785, because he filed his written petition praying for such appointment four days before defendant filed his petition. He claims that under the *Cairns* case, the party filing the first petition for administration is entitled to the grant of administration. The plaintiff misreads what we decided in *Cairns*. In that case we said that the right to administer an estate follows the right to inherit. In *Cairns* the alleged cousin of the intestate had filed a petition in the probate court requesting that a trust company be appointed administrator of the intestate's estate. We there held that the public administrator had no standing before the probate court with respect to intestate's estate, where, at the time the public administrator first appeared in probate court, a petition for appointment of an administrator had been filed by alleged next of kin of intestate. The facts in the case at bar differ substantially and materially from those in *Cairns*. In the present case, when plaintiff filed his petition on February 19, 1965, he was no longer public

administrator whereas on February 23, 1965, defendant was the duly elected public administrator of the city. This contention is also without merit.

The plaintiff's final contention is that the oral petition issue and the unwritten probate court rule issue are genuine issues of fact; that the judgment appealed from deprives plaintiff of the opportunity to present evidence tending to establish both facts in his favor; and that the judgment deprives him of his right of property to administer the Miller estate contrary to the due process clause of the federal constitution. In our judgment these contentions are so lacking in merit as to require little consideration. The plaintiff did not have a property right within the meaning of sec. 1 of art. XIV of amendments to the federal constitution. The issues raised by the plaintiff are disposed of by our decision in *Malinou* v. *Kiernan, supra,* and require no repetition here.

The plaintiff's appeal is denied and dismissed, and the judgment appealed from is affirmed.

KELLEHER, J., did not participate.

*Martin Malinou,* pro se, for plaintiff.

*Francis A. Kelleher,* for defendant.