267 A.2d 692.

MARTIN MALINOU, *Public Administrator vs.* LEONARD KIERNAN, *Public Administrator.*

JULY 9, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

Per Curiam. On January 2, 1961, Martin Malinou, appellant here, was elected to the office of Public Administrator in the City of Providence. He succeeded one Bernard J. Gallagher who, during his tenure, was duly appointed by the Providence Probate Court as administrator in eight estates with which this litigation is concerned. During appellant's tenure, Gallagher died without having fully administered the eight estates in question. It is not disputed that appellant was never appointed administrator d/b/n in these estates.[1]

Rather, on January 7, 1963, Leonard A. Kiernan, appellee here, was elected to the office of Public Administrator succeeding appellant. During appellee's tenure, namely on September 1, 1964, he was appointed by the Providence Probate Court as administrator d/b/n in the estate of Kathryn DeLacy and as such fiduciary in the remaining estates on December 29, 1964. From these decrees appointing appellee, appellant seasonably appealed to the Superior Court.

In that court, appellee filed a motion for summary judgment in each appeal. He accompanied each motion with an affidavit setting forth the facts heretofore related. On these facts he prayed for summary judgment on the ground that, under substantially identical facts, another of appellant's appeals had been denied and dismissed by this court in *Malinou* v. *Kiernan*, 103 R. I. 85, 235 A.2d 105; *reargument denied*, 103 R. I. 760, 235 A.2d 110; *cert. denied*, 390 U. S. 981 (1968).

To these, appellant filed counter-affidavits averring facts,

---

[1] In *Malinou* v. *Kiernan*, 103 R. I. 85, 235 A.2d 105, this court held that the incumbent public administrator was not by virtue of his office vested with a contractual right to act as administrator of and to complete the administration of any estates left unfinished by the prior incumbent.

which, if believed, would still leave open the question of appellant's standing to appeal from the Probate Court decrees appointing appellee. Commenting that he was motivated by appellant's lack of standing, the Superior Court justice granted appellee's motion for summary judgment. From such judgment entered in each case, appellant appealed to this court.

General Laws 1956 (1969 Reenactment) §33-23-1 provides as follows:

> "Filing of Claim of Appeal, Record, and Reasons.—Any person aggrieved by an order or decree of a court of probate may, unless provisions be made to the contrary, appeal therefrom to the superior court for the county in which such probate court is established * * *."

Passing on this section in *Tillinghast* v. *Brown University*, 24 R. I. 179, 52 A. 891, this court stated:

> "* * * a party is aggrieved by the judgment or decree when it operates on his rights of property or bears directly upon his interest." *Id.* at 183-84, 52 A. at 892.

Continuing, the court added:

> "The word 'aggrieved' refers to a substantial grievance, a denial of some personal or property right or the imposition upon a party of a burden or obligation." *Id.* at 184, 52 A. at 892.

The rule as thus stated has been followed by this court consistently and repeatedly, and is applicable to the instant appeals. Here, appellant's standing as a party aggrieved rests on his claim that appellee's appointment as administrator d/b/n resulted in a deprivation of a contractual or property right protected by the due process clause of article XIV of amendments to the United States Constitution. This contention was carefully considered and expressly rejected by us in *Malinou* v. *Maguire*, 105 R. I. 541, 253 A.2d 587. It is similarly rejected in the instant appeals.

The appeals in each case are denied and dismissed, and the judgments appealed from are affirmed.

*Martin Malinou,* for plaintiff.

*Bernard W. Boyer,* for defendant.