IN RE ESTATE MARY E. WHITE, IRA H. LOHMAN, ANCILLARY ADM., PEET BROTHERS MANUFACTURING COMPANY, APPELLANT, v. IRA H. LOHMAN, ADM., ETC., RESPONDENT.*

Kansas City Court of Appeals. May 9, 1927.

---

*Corpus Juris-Cyc References: Executors and Administrators, 24CJ, p. 1112, n. 16; p. 1202, n. 1; p. 1205, n. 33.

*Lathrop, Morrow, Fox & Moore* and *Mosby & Walsh* for appellant.

*D. W. Peters* for respondent.

BLAND, J.—This is an appeal from the action of the circuit court of Cole county affirming the judgment of the probate court of that county overruling a motion to revoke ancillary letters of administration on the estate of Mary E. White, deceased, granted to Ira H. Lohman, Public Administrator of Cole county. The cause was tried before the court upon an agreed statement of facts which is extremely meager, the stipulation merely reciting that—" . . . there were and are no assets of the estate of said Mary E. White in Cole county, Missouri, and there were and are no creditors of said estate residing in said county, nor so far as known, in the State of Missouri."

However, we learn from the briefs that Mary E. White was a resident of Taunton, Bristol county, Massachusetts, and that she died testate on the 9th day of July, 1922; that her estate was in process of administration in that state on the 7th day of March, 1923, when ancillary letters of administration on her estate were granted to Ira H. Lohman, Public Administrator of Cole county by the probate court of that county; that deceased never had at any time resided in this State and that the only property she owned here was fifty shares of preferred capital stock of the appellant, Peet Bros. Mfg. Company, a Missouri corporation located in Kansas City, Missouri. After his appointment, Lohman, as such administrator, brought suit against the appellant herein for the recovery of the stock of said corporation and on October 15, 1924, the appellant filed a motion in the probate court of Cole county asking that the court revoke the ancillary letters of administration heretofore granted the respondent. This motion was overruled by the probate court and appellant appealed to the circuit court of Cole county where, on February 1, 1926, the judgment of the probate court was affirmed. Appellant has appealed to this court.

The sole question submitted to us for our consideration is whether the respondent was properly appointed ancillary administrator in view of the stipulation that there were at no time any assets of the estate of Mary E. White in Cole county, Missouri. Respondent admits that if his right to administer were based upon the fact that he was the Public Administrator of Cole county, appellant is entitled to the relief sought, and there is no question but that if respondent was

appointed administrator by the probate court of that county in his capacity as public administrator, the appointment under the circumstances was improper. [McCabe v. Lewis, 76 Mo. 296; Section 296, R. S. 1919.] Under the holding of Troll v. Bank, 278 Mo. 74, 82, and Troll v. Bank, 216 S. W. 922, the *situs* of the property in the State of Missouri owned by Mary E. White at her death was in Kansas City, Jackson county, Missouri. However, the stipulation that there never were at any time any assets of Mary E. White in Cole county itself shows that the probate court of that county was wholly without jurisdiction to appoint the *public administrator* as ancillary administrator of the estate of Mary E. White under the authorities cited.

Whether respondent was appointed in his capacity as public administrator or as a private administrator is to be gleaned from the record making and showing the appointment. This record reads as follows:

"Now comes Ira H. Lohman, Public Administrator of Cole county, Missouri, and represents to the court his petition for Ancillary Letters of Administration upon the estate of Mary E. White, in Missouri, and files herein a certified copy of her will, together with the order admitting the same to probate, and the order appointing an executor, all duly authenticated according to the laws of Congress.

"And it appearing to the court that Mary E. White, late of Taunton, in the county of Bristol, in the Commonwealth of Massachusetts, died testate, at Taunton, in said county and commonwealth, on the 9th day of July, 1922, and that her estate is being administered upon in the Commonwealth of Massachusetts.

"It further appearing to the court that Mary E. White died possessed of goods and of an estate unadministered in the State of Missouri and of property and an estate within the jurisdiction of this court, and that her estate in the State of Missouri is left in a situation exposed to loss and damage and that no other person administers the same.

"It is therefore ordered by the court that Ira H. Lohman, Public Administrator of Cole county, Missouri, take charge of said estate of Mary E. White, in Missouri, as Ancillary Administrator in Missouri, and administer the same under his official bond; and that Ancillary Letters of Administration upon the estate of Mary E. White, in Missouri, be and are issued to the said Ira H. Lohman."

It will be noted that in the order of appointment respondent is described as "Public Administrator of Cole county, Missouri," and that he was not required to give bond in this particular estate. The recitation that Mary E. White died possessed of property and an estate "left in a situation exposed to loss and damage and that no other person administers the same," is in almost the exact words of the fourth

clause of section 296, which section prescribed when a public administrator shall have authority to take charge of the estates of deceased's persons. We think no one reading the appointment could arrive at any other conclusion but that respondent was appointed not as a private administrator of the estate but in his capacity as Public Administrator of Cole county. [See, Macey v. Stark, 116 Mo. 481, 489, 496, 497, 501.] It is unnecessary for us to go into the question as to the validity of the appointment if respondent had been appointed as private administrator.

The judgment is reversed and the cause remanded. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.

