*Joseph Goodman, William I. Matzner,* for petitioner.

*Boss & Conlan, Francis W. Conlan,* for respondent.

REHA FORTIN *et al. vs.* LUCIEN V. TANGUAY *et al.*

FEBRUARY 10, 1949.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J.   This is a petition for the appointment of an administrator of the estate of Victor Tanguay, late of the city of Pawtucket, who deceased intestate July 6, 1947. The petition was brought December 22, 1947 by one of his six surviving children, namely, Lucien V. Tanguay, upon behalf of himself and Loretta Sanville, the appellees here, and requested the appointment of their attorney, J. Frederick Murphy, a stranger.   At the hearing on the petition before the probate court of that city the other children, Reha Fortin, Florida Paquin, Annette Baron and Adela Tanguay, hereinafter called the appellants, opposed such appointment and requested the court to appoint Reha Fortin as administratrix.   Apparently in view of this disagreement among the next of kin the probate court appointed a stranger, Raymond F. Henderson, an attorney, of Pawtucket.   From the decree of the probate court making such appointment the next of kin supporting the request for the appointment of Reha Fortin appealed to the superior court.

The case was heard in that court *de novo* without a jury and evidence was presented to show that Reha Fortin was both suitable and competent to act as administratrix, and it was also argued by the appellants that, as a matter of law, Raymond F. Henderson was not such a suitable person, although it was admitted that in fact he was otherwise

competent. The appellants also sought to introduce further evidence of Reha Fortin's competency by showing that, upon the nomination of her father Victor Tanguay, the instant intestate, she had personally administered the estate of her mother Merilda Tanguay. This evidence was excluded by the trial justice who sustained the decree of the probate court and denied and dismissed the appeal. Appellants excepted to such ruling and decision and have duly prosecuted their bill of exceptions to this court.

Appellants contend that under general laws 1938, chapter 575, §9, which prescribes who are entitled to letters of administration on intestate estates, Reha Fortin being one of the next of kin and otherwise suitable and competent was entitled to be appointed administratrix; that the superior court erred in refusing to reverse the decree of the probate court and so appoint her; and that it erred in excluding evidence that she had acted as administratrix of her mother's estate and was therefore a competent and suitable person for such appointment in the instant estate.

The provisions of §9 read as follows: "Administration of the estate of a person dying intestate shall be granted as follows: *First.*—To the widow or surviving husband or one or more of the next of kin, or to the widow or surviving husband jointly with one or more of the next of kin, they being suitable persons and competent. *Second.*—If the widow or surviving husband and the next of kin shall neglect to apply for letters of administration within 30 days after the decease of a person intestate, or shall be unsuitable for the discharge of the trust, or renounce the administration, the probate court may, on petition therefor of some party in interest, grant administration to any suitable person."

It is clear from the wording of the first clause that it is the duty of the probate court to appoint one or more of the next of kin if there is no surviving spouse and if such kin are suitable and competent. Appellees appear to concede this but they contend that the case at bar does not fall under that clause but falls under the second clause for the

reason that the next of kin here did not apply for letters of administration within thirty days after the decease of the intestate. They argue that under the latter clause the appointment rests in the discretion of the probate court and that its choice of an administrator is not in such circumstances confined to the next of kin even though one or more of that class seek the appointment and are otherwise suitable and competent. They, therefore, contend that the action of the superior court in affirming the probate court's decree appointing a stranger was correct and especially so in view of the disagreement among the next of kin.

After careful consideration we cannot agree with appellees' construction of the statute. Rather we are of the opinion that the legislature intended to vest such discretion in the probate court only where it appeared that none of the next of kin was seeking the appointment or was found to be competent. This construction is supported by the express language of the clause which plainly contemplates the possible unsuitability of the next of kin and the surviving spouse to act as administrator, or their disinterest in the matter of such administration either from inaction or by renunciation. The thirty days following the intestate's decease is prescribed, in our opinion, merely as a period within which the surviving spouse and next of kin may decide whether or not to exercise their right to initiate administration proceedings; but it is not to be applied against them unless they fail to act seasonably in making known to the probate court their desire that one of their number be appointed.

The construction which appellees place upon the legislative language in effect imposes a penalty upon the surviving spouse and next of kin solely because of their failure to initiate administration proceedings within the prescribed period. Such a construction does not appear reasonable. We think the most that the legislature was seeking to accomplish by the second clause was merely to set a definite limit to the period after the intestate's decease within

which the surviving spouse or next of kin might delay in taking out administration on deceased's estate in order to assure to other persons having an interest therein a reasonably prompt administration of the estate. In thus providing protection to such persons it does not necessarily follow that the statute also intended to vest the probate court with the discretion to deprive the surviving spouse and next of kin, if competent, of their right of administration notwithstanding their seasonable assertion of such right before the probate court had appointed a stranger to administer the estate.

Moreover, our construction is more consistent with the long-established principle of our law of administration that the right to administer follows the right to inherit. *Grogan* v. *O'Neill,* 48 R. I. 187; *Weaver* v. *Chace,* 5 R. I. 356. The legislature gave recognition to that principle by enacting the first clause of §9. In our opinion it did not intend to derogate from that principle by the second clause thereof. It would appear from the evidence that a petition was not filed within the specified period of thirty days after the intestate's death simply because the next of kin had for a time tacitly agreed that his affairs should be handled by two of their number, Reha Fortin and Adela Tanguay, without recourse to the probate court. Later when an irreconcilable disagreement arose between appellants and appellees as to the manner in which the estate had been handled, both sides realized the necessity for the appointment of an administrator of intestate's estate, but they still were in disagreement as to whom should be appointed administrator.  . . .

Appellants comprising a majority of the next of kin made formal request at the hearing in the probate court of the appellee's petition for the appointment of J. Frederick Murphy, a stranger, that one of their number, namely, Reha Fortin, receive such appointment. In those circumstances the duty of the probate court was clear. The next of kin, if suitable and competent, should have been ap-

pointed rather than a stranger. *Peck* v. *Greene*, 27 R. I. 487. And this was especially so where, as here, a majority of the next of kin of the same class was seeking the appointment of one of their number. 2 Woerner, Adm'n, 814. Only if such person was unsuitable or incompetent should she have been denied appointment. *In re Randall's Estate* (R. I.), 63 A. 806.

We do not find anything in the transcript which tends to show that Reha Fortin was either incompetent or unsuitable and indeed the trial justice did not make any finding to that effect. In this connection we are of the opinion that he erred in excluding evidence of Reha Fortin's appointment and qualification as administratrix of her mother's estate on the petition of her father. Such evidence was relevant and material and therefore admissible, not because it might tend to prove what was the preference of the deceased as to an administrator of his own estate but to prove that Reha Fortin was competent to perform the duties incumbent upon an administratrix. However, inasmuch as there is sufficient appearing in the transcript to show that she is competent the exclusion of such evidence was harmless.

As we are of the opinion that the trial justice erred in his decision affirming the probate court's decree appointing Raymond F. Henderson administrator and declining to order the appointment of Reha Fortin, she being the only one of the next of kin seeking the appointment, appellants' exception to that decision is sustained.

The appellees may appear before this court on February 18, 1949 to show cause, if any they have, why the case should not be remitted to the superior court with direction to enter a decree reversing the probate court's decree and appointing Reha Fortin administratrix of intestate's estate.

*William M. MacKenzie*, for appellants.

*J. Frederick Murphy*, for appellees.

*Raymond F. Henderson* pro se, administrator of estate of Victor Paul Tanguay.