ELIZABETH ANKNEY *vs.* ULDRICH PETTINE.

JULY 11, 1952.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CAPOTOSTO, J. This case is before us on appellant's exception to a decision of the superior court denying and dismissing her appeal from a decree of the probate court of the city of Pawtucket appointing the appellee guardian of the person and estate of Armanag Dappinian.

The facts are undisputed. Armanag Dappinian, a person of full age and a resident of Pawtucket, was legally committed as insane to a state institution. General laws 1938, chapter 71. While so confined Jouhar Dappinian, his wife, filed a petition in the probate court of that city for the appointment of herself or some other suitable person as guardian of his person and estate, as he was likely to waste his estate and become a public charge. The petition was granted and the appellee was appointed as such guardian.

The appellant Elizabeth Ankney, an adult, is a daughter of Armanag Dappinian by a prior marriage. Within the time prescribed by statute she appealed to the superior court from the decree appointing the guardian, whereupon the appellee moved that the appeal be dismissed on the ground that the daughter was not a "person aggrieved" within the meaning of G. L. 1938, chap. 573, §1. That motion was granted and appellant duly prosecuted her bill of exceptions thereto.

The subject matter in controversy involves no issue of fact. The only question presently before us is purely one of law, namely, whether the superior court was in error in dismissing the appeal. Section 1, chap. 573, provides that any "person aggrieved" by an order or decree of a court of probate may appeal therefrom by following a prescribed procedure. The determination of who comes within the

meaning of the statute is not always without difficulty. In most instances the answer to that question rests on the particular circumstances of each case.

In *Tillinghast* v. *Brown University*, 24 R. I. 179, upon petition by the residuary legatees under the will of Wilson Smith, the executors were directed by the probate court to file an inventory and account in that estate. The executors' appeal to the superior court from such order was dismissed, on motion of the legatees, on the ground that they were not persons aggrieved within the meaning of the above-cited statute. When the matter was brought here for review this court held to the contrary and reversed the decree of the superior court. The opinion in that case plainly states that the rule generally adopted in construing statutes on the subject of appeals of this kind is that a party is aggrieved by the judgment or decree when it operates on his right of property or bears directly on his interest; and that the word "aggrieved" refers to a substantial grievance, a denial of some personal or property right or the imposition upon a party of a burden or obligation.

Since the answer to the question in the *Tillinghast* case depended upon the meaning of the term "person aggrieved" in the statute, it is clear to us that, in stating the applicable rule of construction, the court there used the word "party" as the equivalent or synonym of the word "person" and not in the restricted sense of a party to the cause. It would be narrowing unwarrantably the remedy given in the broadest language by the statute to limit its application solely to the parties of record. Whether an appellant is a person aggrieved within the purview of the statute depends upon the nature of the order or decree appealed from.

The appellee in effect contends that only a party to the proceedings in the probate court can appeal. He bases such contention on certain language in *Gannon* v. *Doyle*, 16 R. I. 726. In that case the wife of an allegedly insane person of full age appealed from a decree of the probate court appoint-

474

ing a guardian of his person and estate at the instance of a brother. When the case came before this court it was held that she was not entitled to appeal from such decree. The rationale of that opinion is that in contemplation of law she had no interest in the matter and therefore was not a person aggrieved within the meaning of the statute. In its discussion of the case the court said: "The rule is, that only parties can appeal." The appellee here relies on that statement, but in our judgment it was unnecessary in the circumstances as it had no bearing on the ground upon which the court rested its decision. We believe that the rule under consideration, which was unnecessarily referred to in the *Gannon* case, is correct when applied in cases at law and in equity where there necessarily are adversary parties at the very inception of the litigation. Hereinafter the *Gannon* case will be read as if the above-quoted language was a statement of the rule generally, and that the court did not mean that such rule was applicable in every instance to matters arising under the procedure peculiar to courts of probate.

In *Roullard* v. *McSoley,* 54 R. I. 232, the maternal grandmother of a minor was held to be a person aggrieved by a decree of the probate court appointing a guardian of his person and estate. Applying the rule in *Tillinghast* v. *Brown University, supra,* the opinion first quotes the provisions of G. L. 1923, chap. 105, sec. 5, and then, at page 234, states: "If the estate of the ward is wasted by the guardian, the obligation to support the ward is imposed upon the grandmother by the *statute.* Her interest in the guardianship is not general or remote; it is particular and immediate." (italics ours) See also the language in the concluding paragraph in *Hamilton* v. *Court of Probate,* 9 R. I. 204, 207.

The situation in the instant case is quite similar to the one in the *Roullard* case. Here the appellant, an adult daughter of the alleged incompetent, is made liable by law to support her father in case he were unable to maintain himself. General laws 1938, chapter 419, §1, provides that "Any person, above the age of 21 years, who unreasonably

neglects or refuses to provide for the support and maintenance of his parent, whether father or mother, residing in this state, when such parent through misfortune, and without fault of his or her own, is destitute of means of sustenance and unable by reason of old age, infirmity or illness to support and maintain himself or herself, shall be punished by a fine not exceeding $200.00, or by imprisonment for not more than one year, or by both such fine and imprisonment." In plain language this statute imposes a clear legal duty, with severe punishment for its nonperformance, upon an adult son or daughter to support an indigent parent in certain circumstances. The necessity for the performance of such duty may be suspended or dormant until a parent is unable to maintain himself, but the obligation imposed by the statute is nonetheless real and existent.

The persons indicated by chapter 573, §1, under the term "person aggrieved" are not those who merely entertain desires with reference to the appointment of a guardian of an incompetent's estate, but only those who have rights, obligations or burdens which may be enforced by law. *Tillinghast* v. *Brown University, supra.* When as by chapter 419, §1, a legal duty with severe punishment for its nonperformance is imposed upon the adult children of an incompetent parent, it would be unjust, if not unreasonable, to deny them the right to appeal from a decree of the probate court appointing a guardian of the person and estate of such parent. See the discussion along similar lines in *Merrill* v. *Merrill,* 134 Wis. 395, and *Sanborn* v. *Carpenter,* 140 Wis. 572.

Cases cited by the appellee, such as *Smith* v. *Whaley,* 27 R. I. 185, *McKenna* v. *McKenna,* 29 R. I. 224, and *Hadfield* v. *Cushing,* 35 R. I. 306, are inapplicable because of different factual situations which are unaffected by any statute like the one in the case at bar.

The appellant's exception is sustained, and the case is remitted to the superior court for further proceedings.

476

*George Ajootian,* for appellant.
*Uldrich Pettine, pro se, Frank H. Wildes,* for appellee.