ROBERT J. DUFF *vs.* JAMES W. LEIGHTON, *Guardian.*

MAY 28, 1953.

PRESENT: Flynn, C. J., Capotosto, Baker and Condon, JJ.

FLYNN, C. J. This is a probate appeal from a decree denying a petition to remove the guardian of the person and estate of Michael F. Duff. From the decree entered in the probate court the petitioner claimed an appeal to the superior court where the guardian's motion to dismiss the appeal was granted. The case is before us on petitioner's exception to that decision.

It appears that James W. Leighton, the appellee, is the duly appointed and qualified guardian of the person and estate of Michael F. Duff by virtue of a decree of the probate court of the city of Warwick in this state. · No appeal from that decree was taken. Subsequently Robert J. Duff, son of the ward, filed in said probate court a petition to remove the guardian on certain grounds as therein set forth. On December 27, 1951 the probate court, after a hearing at which the guardian was represented, entered a decree denying that petition. Thereupon petitioner, claiming to be aggrieved by such decree, filed his appeal therefrom to the superior court.

The guardian then filed in that court a motion to dismiss the appeal substantially on the grounds that the petitioner was not a proper party to the proceedings; that he was not a person aggrieved by the decree appealed from; and that as next friend of the ward he was not a person aggrieved by said decree. That motion was heard and granted by a justice of the superior court and the instant bill of exceptions is addressed solely to the decree containing such decision.

The petitioner now argues that the case is controlled by the law as stated in *Ankney* v. *Pettine*, 79 R. I. 471, 90 A.2d 431, which was decided after the superior court had entered the decree in question. He contends that as a son of the ward he is a person aggrieved within the meaning of the statute, general laws 1938, chapter 573, §1. He argues that his liability for the support of his father under the penalty provided by G. L. 1938, chap. 419, §1, constitutes such a duty and liability, bearing directly on his personal and financial interest, as to make him a person aggrieved by the decree, especially if the estate of the ward may be found to have been wasted by the guardian.

We are not concerned here with the merits of any ground alleged as a basis for the appeal from the decree of the probate court denying the petition to remove the guardian. The sole issue is whether petitioner has an appealable inter-

est in that decree within the interpretation of G. L. 1938, chap. 573, §1. Unless we distinguish between a decree appointing a guardian and one denying a petition for removal of a guardian, we see no reason to hold that petitioner has no appealable interest. In addition to being an actual party whose petition was heard and denied by the probate court, petitioner is admittedly a son of the ward. In the event that due to wastage or otherwise the ward had no estate, the son would come within the purview of G. L. 1938, chap. 419, §1, requiring his support of the parent under an express penalty. A similar relationship existed in the *Ankney* case where the appellant was not a party to the particular proceeding in which a decree appointing a guardian was entered. There we held that according to *Tillinghast* v. *Brown University*, 24 R. I. 179, and other cases the appellant, by virtue of the duty and liability provided by the above-mentioned statute, had a sufficient interest to be a "person aggrieved" so as to prosecute an appeal from the decree of the probate court. In the instant case the petitioner has a similar interest and in addition is a party to the actual proceeding in which the decree was entered.

The appellee here, however, asks us to consider all the circumstances on the ground that the *Ankney* case specifically held that each case should be determined according to its special facts. That conclusion is correct, but we think the facts urged by the appellee do not bear on the existence or nonexistence of an appealable interest in petitioner so much as they tend to lead to a consideration of the merits of the grounds alleged in the petition for removal of the guardian. As stated, any question or issue as to the merits thereof is not before us in the instant case and is not decided.

The petitioner's exception is sustained, the decree appealed from is reversed, and the case is remitted to the superior court for further proceedings.

*Fergus J. McOsker*, for petitioner.

*Flynn & Leighton, Robert T. Flynn*, for appellee.