MARTIN MALINOU, *Public Adm'r vs.* GORDON CAIRNS *et al.*

#### APRIL 24, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

CONDON, C. J. This is a petition for certiorari to the superior court to review its decision denying petitioner's motion to vacate an ex parte order for a dedimus potestatem to take the deposition of Henry J. Cairns in Great Barrington, Massachusetts. We issued the writ on the strength of the allegations in the petition that the court had acted without or in excess of jurisdiction in issuing the dedimus and that the petitioner was without any adequate remedy other than by certiorari to correct such error. In compliance with the mandate of the writ the superior court has duly certified to this court its records relating to the cause.

It appears therefrom that the cause before the superior court in which the deposition was sought is an appeal from a decree of the probate court of the city of Providence appointing Rhode Island Hospital Trust Company administrator of the estate of Ernest V. Beazley, late of Providence, deceased intestate. The petitioner, who is the public administrator in and for Providence, filed the claim of appeal. In his reasons of appeal he prayed that citations issue to

the trust company and to Gordon Cairns of East Clifton, Quebec, Canada, allegedly a remote cousin of the deceased, at whose request the trust company was appointed administrator. Citations notifying them to "make answer to what is alleged in said reasons of appeal" were thereupon issued and duly served.

In response thereto they entered their appearance by counsel and thereafter as respondents filed a motion to dismiss the claim of appeal. Pending a hearing thereon they filed another motion for the dedimus here in question. After it had been granted and notice of intention to take the deposition thereunder had been served on petitioner he obtained a stay of the order granting it until his motion to quash it was decided. A hearing was had on his motion solely on oral argument by counsel, the substance of which is not reported in the transcript. At the conclusion of the hearing the court overruled each ground of the motion and denied it. The petitioner took exception to the decision and to each ruling thereunder, which exceptions were duly noted.

It thus appears that if any error inheres in such rulings or decision there is available to petitioner at the appropriate time a remedy for the review thereof by a bill of exceptions. We will not review such alleged errors of law by certiorari save where the circumstances are so exceptional that an immediate review is imperative in the interest of justice. *Vingi* v. *Read,* 68 R. I. 484; *Brickle* v. *Quinn,* 63 R. I. 120. The primary office of the writ is to review the action of an inferior tribunal taken without jurisdiction or in excess of its jurisdiction. *White* v. *White,* 70 R. I. 48.

We do not deem the circumstances in the case at bar as disclosed by the return to be so exceptional as to require immediate review. And it is otherwise clear therefrom that the superior court acted within its jurisdiction in passing upon the respondents' motion for the dedimus in question.

Whether it erred in allowing the dedimus to issue ex parte is quite another question. However, if after the final determination of his claim of appeal the petitioner is aggrieved by the superior court's refusal to sustain the grounds of his motion to quash and grant the same he may then have such action reviewed by a bill of exceptions.

The petition for certiorari is denied and dismissed, the writ heretofore issued appearing from the return to have been improvidently issued is quashed, and the records certified are ordered returned to the superior court with our decision endorsed thereon.

*Martin Malinou,* pro se, for petitioner.

*Swan, Keeney & Jenckes, Marshall Swan,* for respondent Rhode Island Hospital Trust Company.