MARTIN MALINOU, *Public Administrator vs.* GILBERT M. MEARS *et al.*
MARTIN MALINOU, *Public Administrator vs.* RHODE ISLAND HOSPITAL TRUST COMPANY *et al.*

NOVEMBER 19, 1963.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

POWERS, J.  These cases are before us on the appellant's bills of exceptions to the decisions and orders of a superior court justice, granting the appellees' motions to dismiss the appellant's appeals from two decrees of the Providence probate court.

It is established by the record that Margarethe L. Dwight, who died on June 22, 1962, a resident of Providence, had during her lifetime executed two testamentary instruments.  The first such, purporting to be her last will and testament, was executed February 21, 1917 and designated the Rhode Island Hospital Trust Company as executor.  The second instrument was executed December 6, 1952 and designated Gilbert M. Mears of Warwick as executor.

On July 6, 1962, Mears filed the 1952 instrument for probate and Rhode Island Hospital Trust Company filed the instrument executed in 1917.  Notice thereof was duly given and a probate hearing was had on August 15, 1962. On that day Martin Malinou, in his capacity as public administrator for the city of Providence, hereinafter called the appellant, appeared and orally moved that he be appointed administrator c.t.a., Mears having previously filed a declination of service as executor.

By separate decrees, the probate court denied the petition for probate of the 1917 instrument and admitted to probate the 1952 instrument, appointing the Rhode Island Hospital Trust Company and Gilbert M. Mears, hereinafter called the appellees, co-administrators c.t.a. From each decree appellant in his official capacity appealed to the superior court. In his reasons of appeal, he assigned as error, inter alia, the denial of his oral motion that he, as public administrator, be appointed administrator c.t.a.

In the superior court Frank Mauran III, one of the next of kin to whom notice was given, was permitted to join as a party in interest. He and appellees moved to dismiss appellant's appeal in each case.

The appellant thereupon filed motions to strike but the decisions of the superior court justice with regard thereto are not before us and require no consideration here.

The appellees' motion to dismiss the appeal in each case was based on the grounds that appellant was neither a proper party nor a person aggrieved within the meaning of G. L. 1956, §33-23-1. On April 24, 1963, the justice rendered his decision in each case, wherein he found that appellant was not a person aggrieved, nor a necessary party, and on May 1, 1963 entered an order granting appellees' motions to dismiss.

Public laws 1876, chap. 567, as amended by P. L. 1950, chap. 2596, provides for an appointment by the city council of a public administrator for the city of Providence. Noting that the statute created a public office and that the holder thereof had no interest not vested by the statute, the court held that appellant, having rendered no services, was not entitled to a contingent fee in a future accounting and was therefore not a proper party.

He rejected appellant's contention that G. L. 1956, §33-21-12 (P. L. 1961, chap. 195, sec. 6), extended or enhanced the rights, duties or prerogatives of the office of public administrator.

18

This latter provision provides for escheat to the state of the personal estate of an intestate leaving no spouse, heir or known kindred capable of inheriting. The section preserves, however, whatever rights a public administrator may have had prior to the enactment of the provision in question.

In our judgment the trial justice did not err in the construction which he placed upon the statutory provisions relied on by appellant. Nor was his decision erroneous by reason of the finding that appellant was not a person aggrieved within the meaning of §33-23-1.

The significant language of P. L. 1950, chap. 2596, is as follows:

> "Such administrator shall take out letters of administration and faithfully administer upon the estate of any person who dies intestate within the city of Providence or elsewhere, leaving property in the said city to be administered and no administration having been granted or proceedings therefor pending, such person at the time of his decease not being an inhabitant or resident of any other town or city in this state, and not leaving a known husband, widow or next of kin within this state, which fact shall be established by proof satisfactory to the probate court of the city of Providence."

The court construed this language as an evidencing by the legislature of a clear intent to limit the official interest of the public administrator to those estates where three conditions exist, namely, intestacy, an absence of known next of kin, and no prior pending proceedings for administration. On the record of the instant case, therefore, the court reasoned that appellant was not aggrieved by the decrees of the probate court from which he had appealed. In our judgment the decision of the trial justice was not erroneous as to the status of the public administrator in a case where the circumstances are as in the case at bar.

This court in *Ankney* v. *Pettine*, 79 R. I. 471, had occa-

sion to consider who would be a person "aggrieved" within the meaning of the statute in question. At page 473 we held that "a party is aggrieved by the judgment or decree when it operates on his right of property or bears directly on his interest; and that the word 'aggrieved' refers to a substantial grievance, a denial of some personal or property right or the imposition upon a party of a burden or obligation," citing *Tillinghast* v. *Brown University*, 24 R. I. 179.

Applying this rule to the circumstances in the instant case, as found by the superior court, appellant cannot be said to have been aggrieved by the decisions and decrees entered pursuant thereto by the probate court.

The appellant, however, contends, as we understand him, that it was incumbent upon the superior court to review his contentions that Margarethe L. Dwight had died intestate, and that those so purporting were in fact and law not next of kin. In support thereof he refers our attention to *Spooner* v. *Tucker*, 86 R. I. 266.

There an appeal from the decree of a probate court was taken by one who gave as his reason that he would have inherited from the testatrix by reason of a prior will if the will admitted were disallowed on appeal. This court held that in such circumstances the appellant was a person "aggrieved" since he could have shown a justiciable interest prior to the admission of the contested will, and that the superior court was clearly wrong in granting the executor's motion to dismiss.

We are in full accord with that decision but the instant appellant takes nothing thereby. No such contingent interest is shown by him in the circumstances of this case.

It is his contention that the 1917 instrument was the last will and testament of the deceased and that the 1952 instrument was at best a codicil. Assuming such to be the case the deceased nevertheless died testate and an essential condition to any right or interest in the estate by the public

administrator is lacking. He makes some argument that the public has an interest in the will executed in 1917 by reason of a charitable bequest not contained in the 1952 instrument admitted by the probate court as the last will and testament of the deceased. Whether such be the case we need not inquire, for it is clearly not within the jurisdiction of the public administrator to represent whatever rights the public may have. The responsibility in this regard is clearly that of the attorney general who is not a party to these proceedings.

Nor is it necessary to inquire whether those who, according to the record, were duly notified of the proceedings as next of kin are such in fact and law. The admitted testacy of the deceased by reason of one instrument or the other is dispositive of the appellant's standing in the premises.

In each case the appellant's exceptions are overruled and each case is remitted to the superior court for further proceedings.

*Martin Malinou,* for appellant.

*Letts & Quinn, Andrew P. Quinn, Jerome B. Spunt, Tillinghast, Collins & Tanner, Nathaniel S. Thayer,* for appellees.