MARTIN MALINOU, *Public Administrator vs.* PETER K. ROSEDALE, *Stranger.*

FEBRUARY 10, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

ROBERTS, J. This is an appeal taken by the public administrator of the city of Providence from a decree of the probate court of that city appointing an administrator for the estate of a deceased intestate. Thereafter a motion was filed by the administrator appointed under said decree to substitute as party appellant the appellant's successor in the office of public administrator, and subsequently the appellant filed a motion to strike from the record the motion to substitute. These motions were heard together by a justice of the superior court, who thereafter denied the motion to strike and entered a decree granting the motion to substitute. The cause has been prosecuted here both on an appeal from the decree and a bill of exceptions. However, on motion we denied the appeal and the cause is before us solely on the appellant's exceptions to the denial of his motion to strike and the granting of the appellee's motion to substitute.

It appears from the record that Frank Harris, a resident of the city of Providence, died intestate on May 7, 1961, leaving no known widow or next of kin. On December 18, 1961 Martin Malinou, herein referred to as the appellant, who was at that time public administrator of said city, petitioned the probate court for his appointment as administrator of the estate of said Frank Harris. The petition was heard and on January 30, 1962 a decree was entered appointing Peter K. Rosedale, hereinafter referred to as the appellee, administrator of said estate. From that decree

appellant prosecuted an appeal to the superior court on March 5, 1962. It is not disputed that on January 7, 1963, the term of appellant as the public administrator having expired, the city council duly elected Leonard A. Kiernan, Jr. to the office of public administrator as successor to appellant.

On February 6, 1963 appellee filed a motion in the superior court to have Kiernan substituted as the party appellant in the instant appeal inasmuch as he "is now the duly elected and qualified Public Administrator of the City of Providence in place of said Martin Malinou."

An examination of the arguments made by appellant to the trial justice as well as of the contentions pressed in this court discloses that he is contending that his appeal brings into issue the question of the jurisdiction of the probate court to appoint as administrator of an intestate estate within the contemplation of P. L. 1876, chap. 567, as amended by P. L. 1950, chap. 2596, creating the office of public administrator, any person other than the public administrator and, as well, the question of the effect of the expiration of his term of office upon the authority of the public administrator to continue to administer such intestate estates for which he may have been issued letters of administration pursuant to said statute.

The appellant obviously took the view that a decision on the motion to substitute could be finally dispositive of his right to be appointed administrator under the prayers of his petition and of his right, if any, to continue to administer such estates, having failed of re-election to said office at the expiration of his term therein. Pursuant to this view he argued vigorously to the trial justice that the motion to substitute a party appellant should either be stricken from the record or, in the alternate, treated as a motion to assign the cause to be heard and determined on the issues stated above pursuant to the provisions of Rule 26 c. of the Rules of Practice and Orders of the Superior Court 1957.

The pertinent statute, in sec. 1, creates the office of public administrator of the city of Providence and provides for the election of an incumbent thereto by the city council. In sec. 2 thereof, as amended, provision is made as follows: "Such administrator shall take out letters of administration and faithfully administer upon the estate of any person who dies intestate within the city of Providence or elsewhere, leaving property in the said city to be administered and no administration having been granted or proceedings therefor pending, such person at the time of his decease not being an inhabitant or resident of any other town or city in this state, and not leaving a known husband, widow or next of kin within this state, which fact shall be established by proof satisfactory to the probate court of the city of Providence."

In a partial construction of sec. 2 this court recently held that the legislature intended therein to confer an interest or right in an estate upon the public administrator only where the three conditions prescribed therein concurred, "namely, intestacy, an absence of known next of kin, and no prior pending proceedings for administration." *Malinou v. Mears*, 97 R. I. 15, 18, 195 A.2d 232, 233. There remains the question, however, whether under the provisions of sec. 2 the probate court has any jurisdiction to issue letters of administration to a person other than the public administrator, the estate being one within the purview of the statute. That this issue properly may be raised under appellant's appeal cannot reasonably be disputed.

The appellee argues that the question of whether the probate court erred in appointing him rather than appellant under the petition has become moot for the reason that the expiration of appellant's term in office, coupled with his failure of re-election thereto, leaves the probate court without jurisdiction to appoint him to administer this estate whatever his right to such an appointment might have been at the time he filed this petition. This argument is per-

suasive only if the statute is construed as making the public administrator, when appointed thereunder, something other than an ordinary administrator administering an estate as the personal representative of the deceased by virtue of his appointment by the probate court. There is authority of substantial weight which sustains the view under pertinent statutes that the office confers upon its occupant the right to be appointed to administer estates that fall within the purview of such statutes but that, upon being so appointed, his powers are those of any other administrator, that is, he acts by virtue of the powers conferred by his appointment by the probate court.

Perhaps this view is stated completely and clearly in *Whelan* v. *Bailey,* 1 Cal. App. 2d 334, where that court said at page 337: "While the public administrator has a certain public function, in that the state is interested in seeing that someone takes charge of property which is more or less without a guardian, in the performance of his duties he exercises what is essentially a private function, in that he is the personal representative of the deceased, handling the estate for the benefit of the heirs. He obtains his right to so act not by virtue of his office, but by grant of power from the court, his office merely giving him the right to obtain such a grant of power from the court under certain circumstances." The pertinent statute in the state of Georgia has also been construed in *Davis* v. *Melton,* 51 Ga. App. 685, the court saying at page 692: "As regards estates represented by him, he is to be considered as any other administrator. * * * When he ceases to be county administrator, he does not thereby resign his administratorship upon a particular estate, but remains administrator thereof until he is discharged or his letters are revoked." For further discussion of this issue see *Ramsay* v. *VanMeter,* 300 Ill. 193, *Black* v. *Dobbins,* 325 Mass. 587, and *In re White's Estate,* 221 Mo. App. 984.

It is to be understood, of course, that the interpretation

or construction of our statute will be controlled by the provisions thereof which relate to the right of a public administrator to be appointed to administer an estate pursuant to his petition therefor or to the effect of his removal from office in any manner upon his right to continue to administer an estate for which he has been issued letters of administration by the probate court. We disavow expressly any intention of construing our statute at this time. What we do intend is to state our view that under the instant appeal appellant properly may raise issues as to his right of appointment to administer this estate and to continue to do so after the expiration of his term in office.

In brief, it is our opinion that in the prosecution of the appeal from the decree of the probate court, the appellant is entitled to have a determination made of his present and future rights to administer the estate under consideration. To preclude such a determination of the rights he may have on a motion to substitute his successor in the office of public administrator would so adversely affect the appellant's right and interest as to constitute an abuse of the sound judicial discretion of the court. It is our opinion that in the circumstances of the instant case the appellant's appeal should have been deemed to be a "case" within the meaning of Rule 26 c. of the Rules of Practice and Orders of the Superior Court 1957. A final disposition thereof, so far as the appellant is concerned, by the granting of the motion to substitute was error. Because we take this view, it will not be necessary for us to decide whether the court erred in not treating the motion to substitute as a motion to assign or in denying the appellant's motion to strike.

All of the exceptions of the appellant are sustained, and the case is remitted to the superior court for further proceedings.

*Martin Malinou,* pro se.

*Peter K. Rosedale,* pro se.