231 A.2d 785.

MARTIN MALINOU, *Public Administrator vs.* GORDON CAIRNS *et al.*

JULY 12, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J. This is an appeal from a decree of the probate court of the city of Providence appointing one of the appellees, the Rhode Island Hospital Trust Company, hereinafter called Hospital Trust, administrator of the estate of Ernest V. Beazley. After a trial in the superior court, the jury returned a verdict which found that the other appellee, Gordon Cairns, was a next of kin of the intestate. Thereafter, the superior court entered a judgment which was based on the jury's verdict wherein the action of the probate court was ratified, confirmed and approved. The appellant's motion for a new trial being denied, he is before us with a myriad of objections taken to several rulings of the trial justice.

A chronological recitation of the pertinent facts of the case will aid in a fuller understanding of this appeal. On February 1, 1961, Ernest V. Beazley died intestate a resident of Providence. On this date, appellant was the public administrator for this city. No probate proceedings were initiated in the instant estate until April 25, 1961, when appellee, a resident of Quebec, Canada, caused to be filed in the Providence probate court a petition wherein he requested that Hospital Trust be appointed administrator of his cousin's estate. In his petition, appellee described himself and three other individuals as "remote" cousins of the deceased.

On May 13, 1961, appellant, in his official capacity, filed in the probate court an entry of appearance in the instant estate. Later, on May 26, 1961, the court entered a decree which designated Hospital Trust as administrator of the decedent's estate. The appellant in perfecting his appeal from this action to the superior court contends that he,

rather than the Hospital Trust, should have been appointed the administrator.

This marks the second time appellant has appeared before us on the instant estate. In 1962 he sought to enjoin the taking of a deposition which was subsequently used in the trial of this cause in the superior court to show the relationship between appellee, Gordon Cairns, and the deceased. See *Malinou* v. *Cairns*, 94 R. I. 279, 180 A.2d 446.

We believe that there is a threshold issue which must be considered before any consideration can be afforded to the merits of the several contentions made by appellant. The fundamental question to be resolved involves the standing of appellant to object to the appointment of an administrator in the instant estate. To be specific, can appellant under the provisions of the act which created the office of public administrator for the city of Providence qualify to serve as administrator here? We think not.

The office of public administrator is quasi-public in nature and one of its paramount functions is to insure that no estate shall lie dormant or unadministered for an undue length of time for want of an interested party to petition for administration. 21 Am. Jur., Executors and Administrators, §795, p. 828. As public administrator for Providence, appellant's authority here is based upon the statute which created this office and any amendments which may have been made thereto.

The authority of appellant is found in P. L. 1876, chap. 567, which is entitled "An Act Providing for the Appointment of a Public Administrator in the City of Providence," as amended by P. L. 1950, chap. 2596, the pertinent portion of which reads as follows:

> " 'Section 2. Such administrator shall take out letters of administration and faithfully administer upon the estate of any person who dies intestate within the city of Providence or elsewhere, leaving property in the said city to be administered and no administration having been granted or proceedings therefor pending, such per-

son at the time of his decease not being an inhabitant or resident of any other town or city in this state, and not leaving a known husband, widow or next of kin within this state, which fact shall be established by proof satisfactory to the probate court of the city of Providence.' "

It is clear that appellant's function is to serve as administrator only in those circumstances which come within the purview of the legislation which gives vitality to the position of the public administrator. In *Malinou* v. *Mears*, 97 R. I. 15, 195 A.2d 232, we stated that the language set forth above limited the official interest of the public administrator to those estates where three conditions exist, namely, intestacy, an absence of known next of kin, and no prior pending proceedings for administration. We reaffirmed this holding in *Malinou* v. *Rosedale*, 97 R. I. 277, 197 A.2d 289.

In order for appellant to have any standing before the probate court, there must be a concurrence of all three conditions before he has any right or interest in an estate. Absent one of the three, the public administrator has no standing. Here the record is clear and undisputed that at the time appellant appeared in the probate court, appellee Cairns' petition for the appointment of the Hospital Trust as administrator was then and there pending. This fact in and of itself, in our opinion, effectively prevents appellant from exercising the duties of his office.

The appellant acknowledges that by the terms of the statute he can become the administrator of an estate only when there are no prior proceedings for administration pending. His attempts to construe and interpret the language setting forth this condition so that it will have no applicability to the instant appeal have no merit whatsoever. To repeat them here would only serve to obfuscate the plain basic everyday English employed by the legislative draftsman. The language used is clear beyond any doubt and admits of and needs no sophisticated statutory interpretation or construction. The general assembly, when

it promulgated this condition, demonstrated an unmistakable intent that it did not desire the public administrator, whoever he may be, to be an intermeddler or engage in active competition with others for the appointment as the administrator of an estate which satisfies the other requirements of P. L. 1876, chap. 567, sec. 2, as amended. It is our opinion that if a petition for administration has been filed by an individual who alleges therein that he comes within the purview of G. L. 1956, §33-8-8[1], the appellant is precluded thereby from asserting any right to take charge and administer the decedent's estate. The appellant's functions are restricted by statute to those cases where there has been a complete failure by any of the aforedescribed persons to initiate probate proceedings.

The fact that appellee's petition was not filed until more than 80 days after Ernest V. Beazley's death on February 1, 1961, is of no consequence. Although §33-8-8 provides that a widow, surviving husband and/or next of kin may file a petition for administration within 30 days of the death of an individual, this does not mean that, unless they act within that period of time, they are forever barred from asserting such a right. In discussing this statutory provision, and a contention similar to that espoused here by appellant, this court in *Fortin* v. *Tanguay,* 75 R. I. 102, 105, 64 A.2d 188, 190, stated that such a construction, which would penalize a surviving spouse or next of kin for their failure to commence proceedings within the permitted peri-

---

[1]§33-8-8. "Administration of the estate of a person dying intestate shall be granted as follows:

"*First.* To the widow or surviving husband or one or more of the next of kin. or to the widow or surviving husband jointly with one or more of the next of kin, they being suitable persons and competent.

"*Second.* If the widow or surviving husband and the next of kin shall neglect to apply for letters of administration within thirty (30) days after the decease of a person intestate, or shall be unsuitable for the discharge of the trust, or renounce the administration, the probate court may, on petition therefor of some party in interest, grant administration to any suitable person."

od, was unreasonable. We have repeatedly stated that the right to administer follows the right to inherit. Nothing contained in §33-8-8 in any way derogates or erodes that long-established principal.

In view of the pendency of the petition for administration at the time of the appellant's entry of appearance, we are compelled for the reasons stated herein to dismiss the instant appeal. Accordingly there is no need to consider the several other contentions set forth in the appellant's brief.

The appellant's appeal is denied and dismissed and the judgment appealed from is affirmed.

Motion for leave to reargue denied.

*Martin Malinou,* for appellant.

*Swan, Keeney & Jenckes, Henry M. Swan, Rae B. Condon,* for appellees.