Martin MALINOU, Public Administrator

v.

Edmund WEXLER.

No. 78–434–Appeal.

Supreme Court of Rhode Island.

April 15, 1981.

Martin Malinou, pro se.

Edmund Wexler, pro se.

OPINION

MURRAY, Justice.

This case comes before us on an appeal by Martin Malinou (Malinou), as public administrator of the city of Providence, from a Superior Court judgment reversing a decree entered by the Probate Court of the City of Providence appointing an administrator for the estate of a deceased intestate.

The pertinent facts involved in this appeal are as follows. On January 2, 1961, the City Council of the City of Providence elected Malinou public administrator. He served in that capacity until January 7, 1963, when the city council elected Leonard A. Kiernan to be public administrator. Since that time Malinou has not been re-elected public administrator.

On November 13, 1961, Carmelita A. McKenna died intestate a resident of Providence, leaving no husband or known next of kin within the state or elsewhere. At the time of her death the decedent left property within the city to be administered. On December 12, 1961, Malinou, who was at the time serving as public administrator, petitioned the Probate Court to appoint him administrator of the McKenna estate. At the time Malinou filed his petition in the court, no letters of administration had been granted for the estate and no proceedings were pending by or on behalf of any other person seeking administration. The Probate Court, however, entered a decree on January 2, 1962, appointing Edmund Wexler (Wexler) as administrator. Malinou sought review of that decree in the Superior Court pursuant to G.L. 1956 (1969 Reenactment) § 33–21–1.

The Probate Court certified the records in this matter to the Superior Court on January 23, 1962. For reasons not apparent from the record, however, this matter was not assigned to the trial calendar until January 3, 1974. The case eventually came on for hearing before a Superior Court justice sitting without a jury and was submitted to the court on an agreed statement of facts.

In his decision, the trial justice found that the McKenna estate fell within the purview of the act establishing the office of public administrator in Providence; and therefore, the public administrator, not Wexler, was entitled to administer the estate. Accordingly, the trial justice reversed the decree of the Probate Court. The trial justice ruled, however, that since Malinou no longer held the office of public administrator, Rule 25 of the Superior Court Rules of Civil Procedure applied and the incumbent public administrator was automatically substituted for Malinou as a party in the matter. Thus, the trial justice granted letters of administration on the McKenna estate to the incumbent public administrator. A judgment incorporating the trial justice's decision was entered on October 24, 1978.[1] It is from this judgment that Malinou has taken the present appeal.[2]

On appeal to this court, Malinou presents two issues for our consideration, both concerning the trial justice's appointment of the incumbent public administrator to administer the decedent's estate. In our view, there is simply no merit in either contention, and both may be disposed of without a great deal of discussion. Malinou contends first that he should have been appointed administrator of the McKenna estate by the trial justice, notwithstanding the fact that he has not served as public administrator since January 1963. In support of this contention, Malinou argues, in essence, that since he was entitled to be appointed ad-

ministrator by the Probate Court in January 1962, the Superior Court was required to appoint him when it reversed the Probate Court decree.

The authority of the public administrator is found in P.L. 1876, ch. 567 entitled, "An Act Providing for the Appointment of a Public Administrator in the City of Providence," as amended by P.L. 1950, ch. 2596, § 2, which in its pertinent part provides:

"[The] administrator shall take out letters of administration and faithfully administer upon the estate of any person who dies intestate within the city of Providence or elsewhere, leaving property in the said city to be administered and no administration having been granted or proceedings therefor pending, such person at the time of his decease not being an inhabitant or resident of any other town or city in this state, and not leaving a known husband, widow or next of kin within this state, which fact shall be established by proof satisfactory to the probate court of the city of Providence."

In *Malinou v. Rosedale*, 97 R.I. 277, 197 A.2d 289 (1964), we held that the Legislature intended this statute "to confer an interest or right in an estate upon the public administrator only where the three conditions prescribed therein concurred, 'namely, intestacy, an absence of known next of kin, and no prior pending proceedings for administration.'" *Id.* at 280, 197 A.2d at 291 (*quoting Malinou v. Mears*, 97 R.I. 15, 18, 195 A.2d 232, 233 (1963)). Here, the parties agree that these three conditions existed in the McKenna estate.

For support of his argument that the trial justice erred in not granting letters of administration to him, Malinou relies principally on our opinion in *Malinou v. Kiernan*, 103 R.I. 85, 235 A.2d 105 (1967), *cert. denied,*

---

1. The trial justice stayed that portion of the judgment substituting the incumbent public administrator for Malinou as a party in this matter pending Malinou's appeal to this court.

2. The record indicates that on November 6, 1978, Wexler filed a cross-appeal from the Superior Court judgment. However, Wexler has

not submitted a brief and did not appear at oral argument. Any issues he may have raised on appeal are therefore deemed waived. *See Da Rosa v. Carol Cable Co.*, R.I., 397 A.2d 506, 507 (1979); *Salk v. Alpine Ski Shop, Inc.*, 115 R.I. 309, 311, 342 A.2d 622, 624–25 (1975); Sup. Ct.R. 16(a).

390 U.S. 981, 88 S.Ct. 1102, 19 L.Ed.2d 1278 (1968). In *Malinou v. Kiernan*, we addressed the question of whether one who, in his capacity as public administrator, has been appointed administrator of a particular estate is ousted as administrator of that estate when his incumbency in the office of public administrator terminates. There we held that

> "the person to whom the letters of administration have issued by virtue of his status as public administrator becomes an officer of the probate court that issued the letters and is charged with the faithful administration of the estate. Absent his removal for cause by the probate court issuing the letters, the interests of the estate will best be served by continuing him in that capacity until discharged by the court after the allowance of his account.

> "We now hold, therefore, that even though an appointee to the administratorship of a particular estate ceases to be public administrator, he does not thereby resign or forfeit the administratorship of the particular estate, but remains the administrator thereof until he is discharged or his letters are revoked for cause." *Id.* at 92, 235 A.2d at 110.

Since *Kiernan* involved the issue of the ouster of a public administrator to whom the probate court had issued letters of administration, Malinou's reliance on this case is misplaced. In our view, there is no basis, either in the statute establishing the office of public administrator, or under our cases interpreting that statute, to support Malinou's contention that since the public administrator was entitled to be granted the letters of administration to the McKenna estate in 1962, he, and not the incumbent public administrator, is now entitled to be granted the same by the Superior Court almost sixteen years after he ceased to hold that office.

■ It follows, therefore, that we find no merit in Malinou's second contention that

the trial justice abused his discretion by *sua sponte* substituting the incumbent public administrator in place of Malinou as the party appellant in this matter. The record indicates that the trial justice found that Malinou, as public administrator, was entitled to receive letters of administration on the decedent's estate. However, the trial justice found further that Malinou in 1962 was

> "a public fiduciary with a duty to prosecute his appeal and this duty gives him the standing to do so here, but there is a successor who holds that office now, and in the Court's view, Superior Court [R]ules of Civil Procedure 25, subsection D, [p]aragraph 1, applies.[3] * * * The incumbent Public Administrator, therefore, is automatically substituted as a party in this matter, and it is he or she who is entitled to the issuance of the letters of administration."

■ We have said that the office of public administrator is quasi-public in nature. One of the paramount functions of the office is to ensure that no estate lie dormant or unadministered for an undue length of time for want of an interested party to petition for administration. *Malinou v. Cairns*, 102 R.I. 462, 464, 231 A.2d 785, 786, *reargument denied*, 102 R.I. 761, 231 A.2d 788, *cert. denied*, 389 U.S. 1015, 88 S.Ct. 590, 19 L.Ed.2d 660 (1967), *reh. denied*, 390 U.S. 930, 88 S.Ct. 849, 19 L.Ed.2d 996 (1968). In petitioning for administration of estates when otherwise there may be no administration, the public administrator discharges essentially a public function.

In the instant case Malinou filed the petition for letters of administration in his official capacity as public administrator. Because Malinou had long since ceased to hold the office of public administrator and because there was a successor who held the office at the time the trial justice rendered his decision, the trial justice appropriately substituted the incumbent public administrator for Malinou as a party. We find no

---

**3.** Rule 25(d)(1) of the Superior Court Rules of Civil Procedure in pertinent part provides:

"When a public officer is a party to an action in his official capacity and during its penden-

cy dies, resigns, or otherwise ceases to hold office, the action does not abate and his successor is automatically substituted as a party."

abuse of the trial justice's discretion in so ruling.

Malinou's appeal is denied and dismissed. Wexler's appeal is likewise denied and dismissed for lack of prosecution. The judgment appealed from is affirmed, and the case is remanded to the Superior Court.

SHEA, J., did not participate.