Frank C. PETTIS, III

v.

Sandra J. CUDDY et al.

No. 2002–296–Appeal.

Supreme Court of Rhode Island.

May 22, 2003.

James Reilly, Providence.

Robert Goldberg, Pawtucket.

## ORDER

The appellant, Frank C. Pettis, III, has appealed from an order entered in the Superior Court dismissing his appeal of a Probate Court order. This case came before the Supreme Court for oral argument on May 7, 2003, pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided. After considering the record, the parties' memoranda, and the oral arguments of counsel, we conclude that the case should be decided at this time. We affirm the Superior Court's dismissal of the appellant's appeal.

This case stems from a petition to the Probate Court by Sandra J. Cuddy, Jean–Ann Sherry, and John Earle[1] (collectively, the guardians) as guardians of Jean B. Pettis (the ward). The guardians requested permission to pursue a malpractice action against the ward's former attorney. The Probate Court granted this petition over appellant's objection.

The appellant subsequently filed an appeal of the Probate Court order with the Superior Court. The guardians filed a motion to dismiss appellant's appeal to the Superior Court, arguing that appellant lacked standing to appeal the Probate Court's order as a result of his waiver of any interest in Pettis' estate.[2] The Superior Court found that appellant lacked standing to appeal the probate order and entered an order dismissing appellant's appeal. The appellant (the ward's son) argued before this Court that the Superior Court justice wrongly concluded that he lacked standing. He maintained that he was an aggrieved person within the meaning of General Laws 1956 § 33–23–1(a), which permits "[a]ny person aggrieved by an order or decree of a probate court" to appeal that order to the Superior Court.

This Court reviews questions of statutory interpretation *de novo*. When the language of a statute is clear and unambiguous, we shall interpret the statute literally and give its words their plain and ordinary meaning. *Cummings v. Shorey*, 761 A.2d 680, 684 (R.I.2000). A person is aggrieved by an order or decree of the Probate Court when it operates on his right of property or bears directly on his interest. *Lind v. McSoley*, 419 A.2d 247, 249 (R.I. 1980); *Ankney v. Pettine*, 79 R.I. 471, 473, 90 A.2d 430, 431 (1952). Here, it is undisputed that appellant waived any property or economic interest in his mother's estate as part of a settlement to earlier litigation.

1. Sandra J. Cuddy and Jean–Ann Sherry succeeded John Earle as Pettis's guardians. John Earle was dismissed as a party to the lawsuit on January 18, 2002, and is thus not a party to this appeal.

2. This waiver was signed by appellant on April 19, 2001, as part of earlier litigation. It provided in pertinent part that appellant, his wife, and all potential successors "renounce, disclaim and waive any and all interest which they or either of them now has or which in the future they may have in and to any and all assets of the Estate of Jean B. Pettis, during her lifetime or upon her death, and/or any of the assets of the Estate of Frank C. Pettis, Jr., excepting only as to the assets to be transferred to Skip Pettis [appellant] pursuant to the terms of this Consent Judgment."

Interest in a Probate Court's order, however, is not limited to economic or property rights. The appellant may have renounced his economic interest in his mother's estate, but he has retained a personal interest in his mother's well-being. As part of the aforementioned settlement, the parties agreed that the guardian would consult with appellant and keep him informed about the ward's personal care and expenses. The appellant would thus have an interest in the guardians' activities that affected the ward's well-being.

During oral argument, counsel for the appellant challenged the applicability of Rule 12(b)(6) to a probate appeal. It is true that Rule 81 of the Superior Court Rules of Civil Procedure states as follows: "(1) These rules do not apply during the process and pleading stages to the following proceedings: Probate appeals * * *." Assuming for purposes of this opinion that a reference to Rule 12(b)(6) might be inappropriate, the same standards would be applied to a motion to dismiss a probate appeal on the ground that the purported appellant was not an aggrieved party. *See Lind v. McSoley, supra.* Consequently, the appellant was not prejudiced by the reference to Rule 12(b)(6) even if it were not applicable in this instance. It should be noted that in appellant's Rule 12A statement of the case, no challenge to the applicability of Rule 12(b)(6) was asserted.

Nevertheless, the reasons for appeal, when considered in the context of the record in this case, including matters of which the Court would take judicial notice, fail to set forth a colorable claim that the guardians' engagement of a law firm on a contingency basis to pursue a malpractice claim could, under any conceivable circumstances, affect the ward and her well-being. In prior judicial proceedings, the ward has been found to be incompetent and would therefore be incapable of partic-ipation in any litigation that may take place. Consequently, under no foreseeable set of circumstances could the mother's well-being be adversely affected by the guardians' decision to engage a law firm to pursue this claim. The appellant's subjective desire based on wild speculation to second-guess the guardians' decision to pursue this claim does not, as a matter of law, establish that he is an aggrieved party entitled to appeal a decision of the Probate Court.

The appellant's appeal is denied and dismissed. The papers in this case may be remanded to the Superior Court.

Justices GOLDBERG and FLAHERTY did not participate.